## NELSON LADRICK *vs.* ALANSON BRIGGS.

If an officer, after attaching property on a writ which may be served either by attachment of property or arrest of the person, is induced to abandon the attachment by false representations of the defendant that the property is not his, and thereupon to make service by arrest, such representations estop the defendant, in a subsequent action by him against the officer for false imprisonment, to say that his property was attached; and it is immaterial that the property remained in the custody of the officer at the time of the arrest, if he surrendered possession of it within a reasonable time.

TORT against a deputy of the sheriff of Essex for false imprisonment of the plaintiff. The defendant justified under the writ in an action brought in the superior court for Worcester by William O. Blaney against Ladrick, upon which he arrested Ladrick; the validity of which arrest was the issue in this suit.

At the trial in the superior court, before *Pitman*, J., no question was made as to the regularity of the process upon which the arrest was made, or of its return; but the plaintiff relied upon

the fact, which he offered evidence tending to prove, that before arresting him the defendant attached certain property as his property, upon the writ, and when the arrest was made this property remained in the possession of the defendant's keeper.

The defendant was himself called as a witness by the plaintiff, and testified " that before the said arrest he had attached a horse, with its harness, and a wagon, and several barrels of flour, as the plaintiff's property, and at the time of the arrest had done nothing to discharge the attachment; that before he arrested the plaintiff he told him what property he had attached, and asked him if it was his, and the plaintiff said that none of it was his, and that it belonged to some one else, whom he named; that thereupon the defendant said to the plaintiff, ' My orders are to arrest your body,' and ' If you do not own any property I must take you,' and the plaintiff replied, ' Then I must go ; ' that he had no intention to attach and arrest on the same writ, and, when the plaintiff said that the property was not his, he made up his mind to release the attachment and arrest the plaintiff, and did then arrest him ; but that he did no act to release the custody of the property till some time afterwards, and on the same day attached the same property upon another writ, in which writ the same parties were plaintiff and defendant as in the writ upon which the arrest was made."

. The plaintiff requested the judge to give the following instructions to the jury :

1. " If the defendant attached property on a writ, as the property of the defendant in said writ, and held it on said writ, and while holding said property, and without actually releasing said property from attachment, arrested the defendant on the same writ, he is estopped, in an action by the defendant in said writ for a false arrest, from denying that the property attached was the property of the defendant in said writ, though the said defendant told him that said property was not his before the arrest."

2. " The officer was bound to release his attachment actually, before he arrested the body of the defendant ; and if he arrested the body of the defendant while he was holding the goods under the attachment, the arrest was illegal and void."

The judge refused to rule in the terms requested, and instructed the jury as follows: " An officer has no right to make an attachment of a defendant's property and a subsequent arrest on the same writ; and such arrest would be without justification. But if in the present case the jury find that the plaintiff in this suit told the officer that the property he had attached was not his, but belonged to other parties ; and that the defendant then said, ' If the property is not yours, I am ordered to arrest you,' and the plaintiff said, ' Then I must go ; ' and that the officer, relying upon the assertion of the plaintiff, and intending to abandon the attachment, thereupon arrested the plaintiff ; the plaintiff is estopped to claim in this suit that his property was in fact attached, and that his assertion was false. The defendant was not bound to omit arrest of the prisoner, to seek out some person authorized to receive the attached property, or to go to the place where it was, to discharge the keeper. If, before the arrest was made, the defendant made up his mind to release the attachment, and did in fact release it as soon as he reasonably could, having regard to all the circumstances of the case, this was sufficient at all events." The jury found for the defendant, and the plaintiff alleged exceptions.

*W. S. Knox*, for the plaintiff.

*C. G. Saunders*, (*D. Saunders* with him,) for the defendant.

CHAPMAN, C. J. The plaintiff is estopped in this action to say that the defendant attached his goods on the writ; because he represented to the defendant that they were not his, and thereby induced the defendant to abandon his attachment of them and arrest his body. A representation thus acted upon operates as an estoppel upon the party making it. *Wallis* v. *Truesdell*, 6 Pick. 455. *Dewey* v. *Field*, 4 Met. 381. The attachment being abandoned, the arrest of the defendant was legal, though the defendant left the goods where they were, and only returned them within a reasonable time afterwards. The word release, as used by the judge, could not have meant the act by which the attachment ceased ; for that ceased as soon as he yielded to the plaintiff's assertion, and arrested him with the intent to abandon

the attachment. But it must have referred to the act done within a reasonable time afterwards to restore the property to the possession of the supposed owner. *Exceptions overruled.*