## George S. Armstrong *vs.* Alonzo C. Chadwick.

Essex. Nov. 7, 1878. — July 23, 1879. Endicott & Lord, JJ., absent.

In an action by C. against A. on a promissory note made by A., payable to B., and by him indorsed to C., after it was overdue, A. relied in set-off on a claim against B. upon a note secured by a mortgage of personal property, payable to B., and by him indorsed to A. at the time the note in suit was given, as the consideration for the same and for money then paid by A. to B., the mortgage being assigned to A. at the same time. There was evidence that, soon after the note in suit was given, A., having been told that the mortgage and note indorsed to him by B. were worthless, so informed B., and told him that he should hold him as indorser, to which B. assented, and said he would take the mortgaged property, sell it, and take care of the note, and would not hold the defendant liable on the note in suit until he had paid the mortgage note; that B. accordingly took possession of the property and stored it for two years, but failed to sell it or to pay the mortgage note, which became due before the note in suit was indorsed to C., and while B. had possession of the mortgaged property. *Held,* that this evidence would justify the jury in finding a waiver of demand and notice by B.; and that A. had a right to set off B.'s liability to him as indorser of the mortgage note.

In an action on a promissory note, an allegation of demand and notice of nonpayment is supported by proof of a waiver of such demand and notice.

Colt, J. The note in suit, which was payable on demand, was dated in April 1871; and was overdue at the time it was indorsed by the payee Perry to the plaintiff. The defendant in set-off relied on a claim against Perry, and produced a note of other parties secured by a mortgage of personal property, dated in 1870, payable in three months after demand to the order of Perry, which was indorsed by him to the defendant at the time when the note in suit was given, as the consideration for the same and for money then paid by the defendant to Perry. The mortgage was also assigned to the defendant at the same time.

There was evidence that, in the following May, the defendant, having been told that the note and mortgage were worthless, so informed Perry, and told him that he should hold him as indorser on the note, to which Perry assented, and said he would take the mortgaged property, sell it, and take care of the note, and would not hold the defendant liable on the note in suit, until he had paid the mortgage note. In pursuance of this arrangement, Perry took possession of the property, but failed to sell it, or to pay the mortgage note. He stored the property for two years, during which time he often told the defendant that he would sell

it, take care of the mortgage note and not hold him liable on the note in suit until he did. The note last named was then in Perry's possession, and remained his property until 1874, when it was indorsed to the plaintiff, subject of course to all equities and the right of set-off between the defendant and Perry, the payee.

The case proceeded, both at the trial and at the argument in this court, upon the assumption that the mortgage note became due before the note given by the defendant was transferred to the plaintiff, and while Perry had possession of the mortgaged property. If, before the plaintiff became holder of the note in suit, Perry became liable to the defendant as indorser of the mortgage note, then the defendant had a right to set off that liability against the note in suit. *Sargent* v. *Southgate,* 5 Pick. 312. *Baxter* v. *Little,* 6 Met. 7. *Lewis* v. *Brooks,* 9 Met. 367. Gen. Sts. *c.* 130, § 20.

There was no evidence that a demand was made and notice of non-payment given to Perry to charge him as indorser. But the defendant contended that there was evidence in the case which would justify the jury in finding that Perry had waived demand and notice ; and, if so, that then the defendant's right of set-off would be established. The judge rejected the evidence ; ruled against the defendant upon the pleadings and upon the evidence admitted ; and directed a verdict for the plaintiff.

This ruling was erroneous. The defendant, upon this evidence, had the right to go to the jury on the question of waiver. It is settled that when the indorser, at or shortly before the time when a note becomes due, says to the holder that he will arrange for its payment, and in direct terms or by reasonable implication requests the holder to wait, or give time, it amounts to an assurance that the note will be paid, or that the promisor or indorser will pay it, and is a waiver of demand and notice, because it puts the holder off his guard. *Gove* v. *Vining,* 7 Met. 212. And the oral promise of the indorser to pay the note after it is overdue, with knowledge that there has been no demand and notice, and of all the facts, is a waiver of such demand. *Third National Bank* v. *Ashworth,* 105 Mass. 503.

The declaration in set-off in this case alleges, indeed, actual demand and notice of non-payment. But it has been decided

that proof of a waiver of such demand and notice is sufficient to support this allegation. *Taunton Bank* v. *Richardson,* 5 Pick. 436. *Harrison* v. *Bailey,* 99 Mass. 620.

As the case must go to a new trial, it is not necessary to consider whether the evidence of Perry's false representations was rightly excluded.                              *Exceptions sustained.*

*J. C. Sanborn,* for the defendant.

*W. S. Knox,* for the plaintiff.