GEORGE W. CORNER & another *vs.* DANIEL S. PRATT & another.

Suffolk.  Jan. 20. — 26, 1885.  FIELD, DEVENS, & COLBURN, JJ., absent.

The indorser of a promissory note, on the day the note matured, telegraphed to the payee and holder of the note that the maker of the note was absent from the State and was expected on a certain day, and that "I ask recall of note due, and hold over till I see him." The indorser afterwards had an interview with the payee, in which he promised to pay the note in a certain manner, but failed to do so. *Held*, in an action on the note, that the jury would be justified in finding a waiver by the indorser of demand and notice.

In an action by the payee against the maker and the indorser of a promissory note, it appeared that, after the maturity of the note, the indorser agreed to give, and the payee agreed to accept, in payment of it, new notes for two thirds of its amount, and cash for the other third; that the indorser sent to the payee the new notes, but did not send the money; that the payee immediately replied by letter that he did not agree to accept the notes except in connection with the money, and should expect to receive the money not later than a day named; and that he retained the new notes until the trial, when he tendered them to the defendants. *Held*, that it was a question for the jury whether the new notes were accepted in part payment of the note in suit.

CONTRACT against Daniel S. Pratt and George F. Moore, upon a promissory note for $1671.08, dated August 11, 1881, payable in two months after date to the order of the plaintiffs, signed by Pratt, and indorsed by Moore. Trial in the Superior Court,

before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiffs are partners doing business in the city of New York. There was evidence that the note was signed by the defendant Pratt, and indorsed before delivery by the defendant Moore. A telegram from Moore to the plaintiffs, dated and received on the day the note matured, was put in evidence, and was as follows: " Pratt has not arrived here yet. In the West. Expected next Tuesday. I ask recall of note due, and hold over till I see him." There was also evidence that, in November, after the maturity of the note, Thomas Corner, Jr., one of the plaintiffs, came to Boston and had an interview with Moore, in which Moore promised to pay the note with interest, two thirds by new notes, and one third, or $560.28, by a check, and Corner agreed that, if the check was sent, he would take the new notes for the balance. Subsequently, Moore sent three notes of $373.52 each, but did not send the $560.28 check or cash. In response, the plaintiffs wrote the following letter to Moore, dated November 22, 1881: " We are to-day in receipt of an envelope from you with three notes for $373.52 each, but no check. We are very much surprised at this, after what you promised the writer a few days ago. If you will recall, your positive promise was made to send a check .for $560.28 on the 18th, and the notes as above for the balance. You have not done so. We certainly did not agree to accept these notes, except in connection with the money. We shall expect to receive the check not later than the 26th. Please attend to it." The plaintiffs retained Moore's notes to the time of trial; but after the arguments were closed, and before the jury were charged, tendered them to Moore's counsel, who declined to receive them.

There was no evidence of demand and notice, or of waiver of demand and notice, nor of payment or non-payment, except as stated above.

The defendant Moore requested the judge to rule that, as Moore was an indorser, there was no evidence to go to the jury that there was any notice to him, or any evidence of a waiver of demand and notice on his part.

The judge refused so to rule; and instructed the jury on this point, that they might consider the telegram from Moore to the

plaintiffs, and his subsequent negotiations for a settlement, on the question whether or not he had waived demand and notice.

The defendants also requested the judge to instruct the jury, that, if the plaintiffs entered into an agreement with Moore to receive Moore's notes for two thirds of the amount of the old note, and the balance in cash, and, in pursuance of that agreement, such notes were received and retained by the plaintiffs, the plaintiffs could not recover in this action, although the balance of cash was not forwarded. The judge instructed the jury on this point as follows : " If the plaintiffs made an agreement with Moore to accept cash and notes in payment, and they received only the notes, they were not bound to receive the notes alone without the cash in part payment of the original note. There were two courses open to them : they could apply the notes in reduction of their claim, or they could decline to accept them. In the absence of evidence that they did accept the notes and apply them in part payment, you are not to infer that they did so. I construe the plaintiffs' letter to Moore in this way : they did not accept the notes and apply them to the payment of the old note, as claimed by the defendants, but they merely postponed the time within which the cash was to be paid. And you have seen that the notes given by Moore have been tendered back in your presence. If you find an agreement to give cash and new notes in payment, and that the new notes were sent and the cash was not sent, and the plaintiffs sent the letter of November 22, and if you find no other facts, I instruct you that there is no evidence in the case from which you can find that the plaintiffs did accept Moore's notes and apply them to the payment of the old note. But if, upon all the evidence in the case, you should find that the plaintiffs did so accept and apply Moore's notes, then there was a part payment of that amount only, and not of the whole amount."

The jury returned a verdict for the plaintiffs; and the defendants alleged exceptions.

*C. E. Washburn*, for the defendants.

*H. Wheeler*, for the plaintiffs, was not called upon.

BY THE COURT. There was clearly sufficient evidence to justify the jury in finding a waiver by the defendant Moore of demand and notice.

It appeared at the trial, that, after the note in suit matured, the plaintiffs agreed that they would accept in payment of it new notes for two thirds of its amount, and cash for the other third. Moore sent the notes to the plaintiffs, but did not send the money, and the plaintiffs replied, refusing to accept the notes without the money.

If this had been all the evidence, the jury would not have been justified in finding that the note in suit was paid. It also appeared that the plaintiffs retained the new notes until the trial, when they tendered them to the defendants. The fact that they retained them was not conclusive evidence that they accepted them in part payment of the note in suit; it was properly left to the jury, with the other evidence in the case, to be considered by them upon this question.

If the jury were satisfied that such notes were not received in part payment, it was sufficient if the plaintiffs returned them at the trial. *Whitton* v. *Mayo*, 114 Mass. 179.

*Exceptions overruled.*