GEORGE H. SWEETSER & another, trustees, *vs.* WINFIELD C. JORDAN & another.

Middlesex.     November 29, 1911. — March 1, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Bills and Notes*, Waiver of demand and notice. *Witness*, Examination. *Evidence*, Testimony at former trial, Admissions and confessions.

In an action against the indorser of a promissory note given by a corporation, of which the defendant's son was the treasurer, and indorsed also by such son, it was admitted that no demand for payment was made upon the maker and that no legal notice of non-payment was given to the defendant, and the issue tried was whether the defendant had waived demand and notice. There was evidence on which it could be found that at the time the note matured there was an understanding between the plaintiff and the defendant's son that there was to be no demand on the note but that it was to be paid by a new note signed by the same parties, and that, in reliance upon this understanding and induced by a promise of the defendant's son that he would bring the new note; the plaintiff made no demand on the maker on the day of the maturity of the note but

waited during the whole of the business part of that day for the new note. The defendant, who was called as a witness by the plaintiff, testified that in all matters of negotiation about the borrowing of money, giving of notes and renewal of notes, his son acted for him. *Held,* that there was evidence that the defendant's son in negotiating for the renewal of the note and promising to bring the new note was acting not only for himself but also as the authorized agent of the defendant, and that the question whether the defendant had waived demand and notice at or before the maturity of the note was for the jury.

Where in an action of contract the defendant is called by the plaintiff as a witness, he may be asked about his testimony at another trial, irrespective of the question whether such evidence is contradictory to his present testimony, if such previous testimony is an admission of a material fact.

CONTRACT against Winfield C. Jordan and his father Charles Jordan as the indorsers upon a promissory note signed "Wakefield Reed Chair Co., by W. C. Jordan, Treas.," dated August 4, 1898, for $1,500, payable three months after date "to the order of ourselves" with interest, and indorsed by the Wakefield Reed Chair Company, by the defendants and by one Henry H. Savage. Writ dated November 22, 1898.

Neither the Wakefield Reed Chair Company nor Henry H. Savage were made defendants. The defendant Winfield C. Jordan pleaded his discharge in bankruptcy.

In the Superior Court the case was tried before *Wait,* J., against the defendant Charles Jordan, who it was contended by the plaintiffs had waived demand and notice. The plaintiffs called the defendant Charles Jordan as a witness. Certain questions put to him were excluded by the judge against the plaintiffs' exception. At the close of the plaintiffs' evidence the judge ordered a verdict for the defendants; and the plaintiffs alleged exceptions. The facts which could have been found upon the evidence are stated in the opinion.

The question asked in regard to the defendant Charles Jordan's testimony given previously in the Probate Court, which is referred to in the opinion, was whether the witness then testified that the note in suit was given in renewal of a note given in 1897. The judge excluded the question on the ground that its subject matter had been excluded and that there was no testimony of the witness which the answer to the question would tend to contradict.

The case was submitted on briefs.

*S. K. Hamilton & T. Eaton,* for the plaintiffs.

*E. R. Anderson & J. G. Bryer,* for the defendant Charles Jordan.

HAMMOND, J. This case was tried against Charles Jordan alone, hereinafter called the defendant. It was admitted that the note was for valid consideration and that the signatures were genuine. The chief ground of defense was that there had been no sufficient demand and notice to charge the defendant.

Inasmuch as the note matured in November, 1898, the liability of the defendant depends upon the law existing in this Commonwealth previous to the general act relative to negotiable instruments, which, although approved on June 15, 1898, did not go into effect until January 1, 1899. St. 1898, c. 533, § 198.

. The note matured on November 4, 1898. St. 1896, cc. 228, 496. The defendant, his name being only on the back of the note, whether he was a joint promisor or only an indorser in the strict sense, was entitled to notice of non-payment as an indorser. At the maturity of the note no demand for payment was made upon the maker, nor was any legal notice of non-payment given to the defendant; and if the case rested here there would be nothing for the plaintiffs.

But the plaintiffs contend that the defendant waived demand and notice. The evidence would have warranted a jury in finding that for several days before the maturity of the note negotiations had been going on between the plaintiffs and Winfield C. Jordan looking to a renewal of this note by the giving of another having upon it the same names; that the plaintiffs had agreed to take such a note and Jordan had agreed to furnish it; that before breakfast on the day of the maturity of the note Jordan called upon Sweetser acting for the plaintiffs and said to him in substance as follows: "I came up to tell you how this matter stood. We have made all satisfactory arrangements to have this note renewed, but I came up this morning because I wanted you to know that I could not possibly get up to your house until evening, and I thought you would be anxious about it, and to relieve you I wanted to tell you that things were all satisfactorily arranged and I should be up with the note . . . [this] . . . evening, but I could not possibly get . . . [here] . . . before and I wanted you to feel easy in regard to it." And the jury might further find from this and the previous interviews on the same subject between Sweetser and Jordan that it was the understanding between them, (or at least that Sweetser thought, and was justified by the acts and words of Jordan in thinking, that such was the understanding,)

that there was to be no demand on the note, but that it was to be paid by the new note; that in reliance upon this understanding and induced by the promise of Jordan to bring up the new note Sweetser made no demand upon the maker on the day of the maturity of the note, but waited during the whole business part of that day for the new note.

"It is settled that when the indorser, at or shortly before the time when a note becomes due, says to the holder that he will arrange for its payment, and in direct terms or by reasonable implication requests the holder to wait, or give time, it amounts to an assurance that the note will be paid, or that the promisor or indorser will pay it, and is a waiver of demand and notice, because it puts the holder off his guard." Colt, J., in *Armstrong* v. *Chadwick;* 127 Mass. 156, 157, citing *Gove* v. *Vining,* 7 Met. 212, which see, with the cases therein cited. Applying this rule of law to the findings above mentioned, it is clear that the question whether there was a waiver of demand and notice by Jordan and those for whom he had authority to act was for the jury.

But the more difficult question is whether Jordan in all this was acting not only for himself but also as the authorized agent of his father, the defendant. The new note was to have upon it the same names that were upon the old note; and as between the plaintiffs and Jordan the latter seemed to be acting for all who were liable on the first note. Was he authorized to act for his father so far as to bind the latter in waiving demand and notice? The burden was upon the plaintiffs to prove this agency. The first witness called by them was the defendant himself. Among other things he testified that he did not "ask anybody to renew any notes for the company;" that in the management of the affairs of the Wakefield Reed Chair Company and his connection with it he entrusted his interests to his son Winfield, and that this son acted in his behalf in connection with all matters that he and his son had in relation to that company. Had he stopped here it might well have been argued that he was speaking only of his relations with the company, and not of the relations between him and the company on the one side and third persons including the plaintiffs on the other. But later in the examination this further question was put to him, namely: "In all matters of negotiation about the borrowing of money, giving of notes and renewal of notes,

your son, Winfield C. Jordan, acted for you, I think you said," to which he replied, "Yes, sir." The answer was unequivocal. And it is to be noted that although at the end of his examination he was questioned by his counsel by way of cross-examination as to several important features of the case, especially as to the time when and the manner in which he finally was notified of the non-payment of the note, he was asked no question as to what he meant by the answer to this question; and he left the stand without any attempt to explain or qualify it. It stands out clear and direct as given. This evidence, especially when taken in connection with the other circumstances of the case, would warrant a finding that in negotiating for the renewal of the note including the promise of the son to bring up the new note in the evening, the son was acting not only for himself but also as the duly authorized agent of the defendant. Upon such a finding the rule of law above stated as to waiver of demand and notice would be applicable to the defendant. The question whether the defendant had waived demand and notice at or before the maturity of the note was for the jury. The exceptions must therefore be sustained.

It becomes unnecessary to consider the exceptions to the exclusion of evidence. It may be remarked, however, that so far as the evidence which the defendant sought to introduce bore upon the consideration of the note it was properly excluded within the discretion of the court as unnecessary, it being conceded by the defendant that the note was upon a valid consideration, but that so far as it had any tendency (if any it had) to show the course of dealing as bearing upon the nature and scope of the agency conferred by the father upon the son in the matter of waiving demand and notice it should have been admitted.

It may be further remarked that if the evidence offered as to the defendant's testimony given previously in the Probate Court was in the nature of an admission against his interest in the present case, it was admissible, entirely irrespective of the question whether such evidence was contradictory to his testimony in the present case. The witness was not only a witness, but he was the party defendant; and therefore any admission against his own interest wherever made was admissible even if he had not been here a witness.

*Exceptions sustained.*