JOHN BOWEN *vs.* OWEN F. FARLEY, JR.

Suffolk.   March 8, 9, 16, 1926. — May 26, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Bills and Notes,* Indorser, Presentment, Notice of dishonor.   *Waiver.*

In an action by the payee against an indorser of a promissory note which,
   while payable in instalments on the twentieth day of each month,
   provided that, if a default in payment of an instalment should continue
   for thirty days, the entire balance of the principal sum then unpaid
   should become due and payable forthwith, a contention by the de-
   fendant, that as a matter of law he was released from liability by a
   lapse without notice to him, the indorser, of thirty days after a default
   by the maker in payment of an instalment, cannot be sustained where
   an auditor who heard the action found and reported that the instalment
   referred to by the defendant was paid on the day when it became payable.
In the action above described, it further appeared that the auditor found
   that within thirty days after the last payment the defendant informed
   a bank at which the note was payable that no further payments would
   be made on the note, and it was *held,* that by such notice the requirement
   of a further demand and notice of dishonor to the defendant as an
   indorser was waived by the defendant.

CONTRACT, with the declaration described in the opinion.
Writ dated October 28, 1920.

In the Superior Court, the action was referred to an audi-

tor, was heard by him, and, after the filing of his report, was heard by *O'Connell*, J., without a jury, together with the action of *Bowen* v. *Farley*, *ante*, 19. Material facts are described in the opinion.

At the close of the evidence, the defendant asked for the following rulings:

"1. As June 20, 1920, fell on Sunday, the payment of both principal and interest due on that date, according to the terms of the note, was by law due and payable on Monday, June 21, 1920, and if there was no protest on that date the defendant is not liable for the payment of either principal or interest which became due at that time.

"2. As June 20, 1920, fell on Sunday, the payment due on that date, according to the terms of the note was by law due and payable on Monday, June 21, 1920, and if a payment on account of principal or interest then due remained unpaid for thirty days, it resulted in all payments due, according to the terms of the note, subsequent to July 20, 1920, becoming due on July 21, 1920, and as there was no protest on July 21, 1920, the liability of the defendant has not been fixed as to all or any payment due according to the terms of the note subsequent to July 20, 1920.

"3. The protest on July 20, 1920, operated only to fix the liability of the defendant for the $500 payment on account of principal due on that date, and for such interest as fell due on that date, if any.

"4. The evidence will only support a finding for the plaintiff on the note for the $500 payment of principal, together with the interest due July 20, 1920, and for the last item in the account, which is for $118.80 with interest to be computed."

The rulings were refused. There was a finding for the plaintiff in the sum of $3,666.83. The defendant alleged exceptions.

*C. A. Warren,* for the defendant.

*W. W. Clarke,* for the plaintiff.

CROSBY, J. This is an action of contract in which the plaintiff seeks in the first count to recover against the defendant as indorser of a promissory note; and in the second,

upon an account annexed for labor and materials. No question of law is raised under the second count. The case was referred to an auditor, together with the case of this same plaintiff against this defendant and one Weeks, *ante,* 19, as makers of the note. The question of law raised by the record on the first count is whether the defendant is liable as an indorser. The trial judge sitting without a jury found for the plaintiff.

The defendant and Weeks were the sole trustees of the Berry Real Estate Trust, a voluntary trust existing by virtue of a declaration of trust dated April 15, 1918, and duly recorded in the Suffolk registry of deeds. On June 20, 1919, the trust executed and delivered a promissory note to the plaintiff in settlement of a claim for a balance due him which he had against the trust for the erection of a garage. The note was for the sum of $8,500 and bore interest at the rate of six per cent per annum. It was indorsed by the defendant and was payable at the Old South Trust Company of Boston; the first payment thereunder was to be made August 20, 1919, and payments were to be made monthly thereafter at the rate of $500 each. Certain payments of principal and one of interest were indorsed on the note. On July 20, 1920, the note was protested by a notary public who made demand at the Old South Trust Company and was answered by the treasurer "No funds." Whereupon the notary on the same day duly notified the indorsers, including the defendant, of the protest.

The auditor found that the last payment on the note was made on June 20, 1920, which date, it is agreed, was on a Lord's day; that accordingly on October 28, 1920, the date of the writ, the unpaid balance, including interest, was $3,594.67.

It is the contention of the defendant that the first unpaid instalment due on the note became so due on June 20, 1920, and that as that date was on a Lord's day, the same was payable on Monday, June 21, 1920, and that no steps were then taken to fix the liability of the indorser; that by the terms of the note, if this default continued for thirty days, the entire balance of the principal sum then unpaid became due

and payable; that therefore on July 21, 1920, the entire unpaid balance of the note became due. The defendant concedes that there was due demand and notice sufficient to charge the defendant with liability as indorser as to the $500 payment due July 20, 1920, but he contends that the necessary proceedings were not had to charge him with liability for the $500 payment due June 20, 1920, by law payable June 21, 1920, and to fix his liability for the unpaid balance of principal which fell due in accordance with the terms of the note on July 21, 1920.

The defendant's contention cannot be sustained in view of the express finding of the auditor that the last payment on the note was made on June 20, 1920. If the last payment in fact was made on that date, the demand and notice on July 20 were seasonable. The evidence before the auditor is not reported. As we cannot say that his finding was not justified, it is final.

Apart from the question, whether presentment was made and notice given of the dishonor of the note sufficient to charge the defendant as an indorser, the following finding was made by the auditor: "Shortly before the payment of July 20, 1920, became due . . . Mr. Farley notified the National Rockland Bank that no further payments would be made on the note"; the trial judge was therefore warranted in finding that demand and notice of dishonor had been waived by the defendant. G. L. c. 107, §§ 132, 134. The National Rockland Bank, which held the note for collection, having received the foregoing notice in writing, a finding under the circumstances was amply justified that presentment and notice of nonpayment had been waived. *Barker* v. *Parker*, 6 Pick. 80. *Tucker Manuf. Co.* v. *Fairbanks*, 98 Mass. 101, 103. *Armstrong* v. *Chadwick*, 127 Mass. 156. *Corner* v. *Pratt*, 138 Mass. 446. *Hobbs* v. *Straine*, 149 Mass. 212. *Sweetser* v. *Jordan*, 211 Mass. 393. *Carmen* v. *Higginson*, 245 Mass. 511.

It follows that the defendant's first, second and third requests were rightly denied, and that the entry must be

*Exceptions overruled.*