Gillen, J.
This is an action of contract, in which the plaintiff seeks to recover from the defendants, as endorsers of two notes, each dated October 28,1931, maturing four months after date, signed by Morris Ostroff, payable to Morris Budnick, in the amounts of $1500.00 and $750.00' respectively.
The defendants, for answer, claimed that the plaintiff •had failed to make presentment and demand on the notes declared on, or give notice of non-payment thereof to the defendants, and denied that they expressly or impliedly waived presentment, demand and notice.
There was evidence that the money had been loaned to the maker sometime before on four months’ notice; that the notes had been renewed from time to time by other four months’ notes signed by the maker and endorsed by the defendants; that a day or two before the notes other than the notes in suit became due, the maker went to Bud-nick with renewal notes endorsed by the defendants, which he, Budnick, took to the bank on the due date and exchanged for the notes due that day; that a day or two before the notes declared on became due, Ostroff brought to Budnick four months ’ renewal notes, signed by himself, payable to Budnick, and endorsed by the defendants, which on the due date Budnick took to a clerk of the bank; that later the bank *143 cleric gave the renewal notes back to Rudnick as unacceptable, which Rudnick returned to the maker, and never' received back again. There was no evidence that the defendants were ever notified that the bank had refused to accept the renewal notes.
The plaintiff filed nine requests for rulings, one of which was allowed. The trial judge made the following findings of fact:—
“This is an action of contract on two promissory notes, both dated October 28, 1931, and both maturing-four months after date, in the amounts of $1500. and $750. respectively. Each of these notes was signed by one Ostroff and payable to one Rudnick and each was endorsed by the defendants for Ostroff’s accommodation. Shortly before these notes became due, Ostroff requested the defendants to sign renewal notes for like amounts, each maturing four months after its date. The defendants complied with this request, and Ostroff took the notes to Rudnick, duly endorsed by the defendants. When Rudnick presented the notes to the Atlantic National Bank, the then holder, later consolidated with the plaintiff, for the purpose of renewal of the original notes, the bank refused to accept them, and Rudnick thereupon returned them to Ostroff. There was no evidence, however, that the defendants or either of them was ever notified that the bank had refused to accept the renewal notes. No notice of dishonor of the notes in suit was ever given to the defendants or either of them.
Upon the foregoing facts, I find that the plaintiff did not sustain the burden of establishing by a fair preponderance of the evidence that the defendants or either of them waived demand and notice. I therefore find for the defendants.”
The plaintiff claims to be aggrieved by the ruling and refusals to rule as requested.
The plaintiff admits the only issue in the case is whether the defendants had waived demand and notice of dishonor. *144 Kent v. Warner, 12 Allen 561, is our nearest case in point to the one at issue. There the endorser told the holder, while grace was running, that the maker would probably give a new note, and he did actually endorse a new note for the maker to take up the one in suit. The court said, if that was all, a verdict should have been directed for the defendant.
In the instant case the defendant did not know the renewal note had been rejected, he did not know the old note had not been paid and he did not know that the renewal note had ever been offered to the holder.
The basic principle underlying waiver is that the holder is put off his guard by the acts and conduct of the endorser, Gove v. Vining, 7 Met. 212, 214, Armstrong v. Chadwick, 127 Mass. 156, but the holder was not put off his guard here.
Endorsers may waive presentment for payment and notice of dishonor; the waiver may be expressed or implied. G. L. (Ter. Ed.), Chap. 107, § 5, cl. 3, and §§ 132, 134.
The trial judge was not compelled to find that the act of endorsement of renewal notes, as a matter of law, constituted'a waiver of notice of dishonor. If this were the inflexible rule, an endorser could be left in ignorance for years as to whether he was eventually to be held liable on a note. In the instant case more than three years elapsed between the refusal of the renewal notes and commencement of suit.
The plaintiff contends the tender by Ostroff of renewal notes bearing the defendants’ endorsements, constituted an implied waiver of demand and notice on the part of the endorsers even though the tender was not accepted. Martin v. Walker, 93 W. Va. 736. National Hudson River Bank v. Reynolds, 57 Hun. 307.
*145 In National Hudson River Bank v. Reynolds, 57 Hnn. 307, though it was not necessary for the decision, the court said, —“When he (endorser) consents to a renewal he evidently knows that the maker will not pay and can protect himself if he so desires . . . it is not the actual extension of renewal which is relied on as a waiver, but the endorser’s knowledge that the note would not be paid and the communication of such knowledge to the bank . . . the waiver, therefore, did not rest on valid extension, but on the act of the endorser implying that the note was not to be paid at maturity.”
We hold this rule should be more flexible. In the instant case, can it be said that the endorsement of renewal notes was a complete abandonment of hope that the notes would be paid f even if the holder insisted on immediate payment, when it refused to accept the renewal notes ? In any event, we do not think the mere act of endorsing renewal notes should always be held to be an implied waiver of presentment and notice, especially where the holder does not communicate the non-acceptance of the renewal notes to the endorsers.
We think that common sense, to say nothing of the equity of the proposition, prevents our adoption of such a rigid rule as set forth in National Hudson River Bank v. Reynolds, 57 Hun. 307.
To follow this rule would be akin to saying that the endorser of a renewal note, as here, ipso facto admits that he has resigned himself to a fate that eventually he must pay; and that he further admits that he feels that the maker does not intend at any event to perform his obligations under the instrument.
Debtors sometimes pay when they find they cannot get time. The proposition cannot be put any higher than to *146 say the defendants knew the maker might not pay. When the endorser himself presents the renewal note to the payee or holder, particularly on the due date, he knows that the offer to pay by renewal has been, refused. Here he remained in ignorance of the outcome..
Waiver is chiefly a question of fact,. Reid v. Doherty, 273 Mass. 388, and this is so in relation to bills and notes.. Reardon v. Murdock, 1935 A. S. 2393. Armstrong v. Chadwick, 127 Mass. 156.
The question is not whether the finding of the trial judge, was right but whether it was necessarily wrong. The evidence warranted the finding made. Glidden v. Chamberlain, 167 Mass. 486, 497.
There was no error by the trial judge. The order is,—
Report dismissed.