## No. 11,283.

### Wiley Drainage District v. Semmens.

Decided November 22, 1926. Rehearing denied January 10, 1927.

**Action in eminent domain. Decree for plaintiff with compensation to defendant.**

### *Affirmed.*

1. Evidence—*Statements of Value.* In an action in eminent domain, the rejection of evidence, that defendant had stated, after the improvement was constructed, that he would not take $10,000 for his place, held, in view of testimony given by other witnesses for plaintiff, if error, to be harmless.

2. Water Rights—*Value—Evidence.* The market value of a water priority, separate from the land, is not always the sole criterion of value in ascertaining the amount of damage occasioned by its loss.

3. Eminent Domain—*Water Rights—Loss.* A ditch or water right cannot be destroyed or taken in an eminent domain proceeding without just compensation to the owner, even though it may have no market value separate and apart from the land in connection with which it had been used.

4. *Instructions.* Instructions in an eminent domain proceeding, although not in the exact words of the statute, are sufficient if they show a full compliance with the law.

5. *Verdict.* A verdict in an eminent domain proceeding which complies with the provisions of section 6328, C. L., is sufficient.

6. *Verdict—Excessive.* The contention that the verdict in an eminent domain proceeding is excessive, overruled.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

365

Messrs. TODD & UNDERWOOD, for plaintiff in error.

Messrs. HILLYER & HILLYER, for defendant in error.

*En banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THE names of the parties appear in this court in the same order as in the trial court. We shall refer to them as plaintiff and defendant.

Plaintiff brought a statutory condemnation proceeding to obtain a right of way over defendant's land for plaintiff's drainage ditch. The case was tried before a jury; plaintiff got, and is now using, the right of way, but objects to the damages awarded the defendant, claiming that they are excessive. To correct this alleged error, plaintiff brings the case to this court for review.

The land is about one mile from the town of Wiley, in Prowers county, and before plaintiff's drainage ditch was built, was used for pasturing live stock. A stream, supplied from seepage, flowed through the place, irrigating a substantial part of it, and furnishing water for the live stock. Defendant has a decreed priority for the water right, but the building of the drainage ditch materially diminished, if it did not altogether destroy, this supply of water. The proximity of the land to the town made it profitable for defendant to pasture milk cows, but the building of the ditch compelled him to largely abandon this enterprise, and devote the land to other uses, which he considered less remunerative and more expensive. In addition, the drainage ditch cut defendant's land diagonally, and was dug to a depth of about ten to twelve feet below the surface of the ground, lowering the water level, and requiring defendant to construct flumes and bridges across the ditch, in order, as far as possible, to make one farm of the place, severed by the ditch, and to properly use and maintain the premises.

Aside from the damages assessed by the jury in this action, defendant's land was also taxed with about $2,000 to apply on bonds and warrants issued by plaintiff to pay for its construction work.

The errors assigned that we consider necessary to discuss relate to: (1) Rejection of evidence; (2) value of a water right as an element of damage in eminent domain; (3) instructions to the jury; (4) the form of the verdict, and (5) alleged excessiveness of the verdict as to the value of the property taken or damaged, and its alleged insufficiency as to the amount and value of the benefits.

1. Plaintiff alleges error upon the ground that the trial court rejected its offer to prove by one Fred Schick that defendant told him, after the ditch was built, that he (defendant) would not take $10,000 for the place. This, if correct, would tend to establish defendant's estimate of the value of his 120 acres, after the ditch construction, at about $83.33 per acre. If we believed that the rejection of this evidence were injurious to plaintiff, we should give it its due appraisement, but even if defendant said it, that fact is of too little weight to justify a reversal, when taken in connection with the rest of plaintiff's evidence, such as the testimony of eight of its own witnesses, that the value after the drainage was not over $50 per acre and particularly it is of little weight in view of the fact that the jury inspected the land. If error, it was harmless.

2. The value of defendant's decreed water right, lost to him or diminished in value by the construction of the drainage ditch, was shown by evidence of the difference between the value of the land with and without the water. Defendant claimed that the water was irreplaceable in the use to which he put it before the drainage; that such water was not susceptible of use on any other land, and that it thus resulted in a complete loss of the water. Plaintiff, on the other hand, claimed that the district provided defendant with a better water supply than he had before. Evidence for and against these contentions was properly submitted to the jury.

The market value of a water priority, separate from the land, in the nature of things, is not always the sole criterion of value in ascertaining the amount of damage occasioned by its loss. If it was physically impossible to use the water except upon a particular tract, it might have no separate market value at all, because the water would be of no use to anyone except the owner of the tract, and for this reason would be unsalable without the land. It does not follow, however, that the ditch or water right can therefore be destroyed or taken without just compensation to the owner. The purpose of empaneling the jury was to ascertain such compensation; the jury performed this duty and it is not for us to undo its work, when performed with the fidelity observed in this case.

3.   Counsel for plaintiff point out that the instructions of the court were not in the exact words of the statute, but they were in substantial compliance therewith, and show a careful and painstaking regard upon the part of the court for the rights of both parties to the condemnation, and a full compliance with the law. They were not ambiguous nor misleading. We find no error in the instructions given or refused.

4.   The verdict of the jury contained: First, an accurate description of the land taken; second, the value of the land and property actually taken; third, the damages to such land and property, and fourth, the amount and value of the benefit.

The above verdict complied with section 6328, C. L. 1921, directing what such verdicts shall state, and so was sufficient.

5.   The greater part of plaintiff's brief is devoted to an attempt to show the alleged excessiveness of the verdict as to the property taken and damaged, and that the amount and value of the benefits were assessed too low. These are questions of fact; the case was tried twice at plaintiff's request, and the verdict the second time was somewhat greater than at the first trial. After listening to the oral argument, and upon going over the record

and briefs, we are convinced that the net results in damages awarded were not only not excessive, but that defendant might well have been entitled to even larger compensation than he received. So, even from plaintiff's standpoint, we think it best to let well enough alone. The intimate knowledge of local conditions and values, possessed by an unprejudiced jury, and acquired by its members through listening to the vast amount of evidence, and by viewing the premises, is the best that can possibly be obtained, and we cannot offer any acceptable substitute.

Finding no error the judgment is affirmed.