HYDRO ELECTRIC CORPORATION *v.* M. H. SHANKS,

and

HYDRO ELECTRIC CORPORATION *v.* M. H. SHANKS.*

(*Knoxville.*   September Term, 1927.)

Opinion filed November 21, 1927.

### 1. EMINENT DOMAIN.  CONDEMNATION.  PETITION.

Our eminent domain statute clearly contemplates and makes provision for taking a definite area of land, and provides that the petition shall set forth the parcel of land and the extent thereof sought to be taken, with a prayer that a suitable portion shall be set apart by metes and bounds.  (Post, p. 93.)

Citing: Shannon's Code (1917 Edition), secs. 1844-1867.

### 2. EMINENT DOMAIN. CONDEMNATION.  STATUTES.

The statutes empowering electric light, heat and power companies, and gas companies, to condemn land for their purposes do not create an exception to the general laws of eminent domain so as to authorize the condemnation of an easement limited to the right to occupy the land for transmission lines, and the right to enter for the purpose of erecting and maintaining them.  (Post, p. 93.)

Citing: Sec. 2488, Shannon's Code (1917 Edition); Chapter 56, Acts of 1925; 10 R. C. L., p. 152; Railroad Co. v. Telephone Company, 101 Tenn. (17 Pick.), 62.

### 3. EMINENT DOMAIN.  CONDEMNATION.

The taking of property for right-of-way purposes is, to the extent it goes, permanent.  (Post, p. 94.)

Citing: Light & Power Co. v. Beard, 152 Tenn. (25 Thomp.), 355, 356.

4. EMINENT DOMAIN. ESTATE CREATED.

When land is condemned under our eminent domain statute the condemnor takes the dominant estate, reducing that of the owner to a servient estate. (Post, p. 95.)

---

*Headnote 1. Eminent Domain, 20 C. J., section 364.

---

## FROM HAWKINS.

---

Appeal from the Circuit Court of Hawkins County.— Hon. H. T. Campbell, Judge.

Phillips & Hale, for plaintiff in error.

C. W. Margraves, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

The Power Company, in these two causes consolidated by consent, sought by petition to condemn rights of way over the lands of the defendant for its poles and wires. Demurrers challenged the sufficiency of the petitions on the ground that neither the width, length nor dimensions of the land sought to be taken for the use of petitioner were stated therein, and that the petitions were in all respects too vague in description. The demurrers were sustained and the Company has appealed.

The insistence is, in substance, that the form of petition adopted is consistent with the charter of the Company, as found in Section 2488 of Shannon's Code, and also with Chapter 56 of the Acts of 1925, both of which statutes authorize the taking by electric corporations of such lands and interests therein as may be necessary

only for the uses contemplated—in this case the placing and maintenance of its poles and transmission wires, and that no specific land need be taken beyond that required for its poles, and that, therefore, none need be described in the petition for condemnation. It is insisted that it was the intention of the Legislature and is the effect of these statutes to create an exception, applicable to such cases, under which an easement only may be condemned for the restricted or limited purposes alleged to be required, being the right to occupy the land with poles and fixtures for guy wires, and the right to enter for the purpose of erecting and maintaining the line of wires.

(1) However, both the charter section and the Act of 1925 relied on conclude with the provision that, unless the Company condemning and the owner agree, the taking shall proceed under the general condemnation statutes, Shannon's Code, Sections 1844-1867. These Sections plainly contemplate and make provision only for the taking of definite areas of land, and expressly provide that the petition for condemnation shall set forth the parcel of land and the extent thereof wanted, with a prayer that a suitable portion shall be set apart by metes and bounds. (2) No provision is made for the condemnation of such limited easement rights as are herein sought and described. Conceding that such a right of limited use might be carved out of the fee, the condemnation statutes make no provision for its acquisition and no such limited right in or over private property has thus far been recognized in this State. The easement upon an easement rule announced in 10 Ruling Case Law, p. 152 and approved in *Railroad* v. *Tel. Co.,* 101 Tenn., 62, has no application here. Moreover, the principle upon which the Courts have refused to limit the condemnation of land for railroad purposes to a mere

easement of right-of-way may well be said to have application to a use such as is here contemplated.

(3) The taking proposed in the present case is, to the extent it goes, permanent. The exclusive right of control of the strip crossed by the wires and poles passes from the owner. Such use as is left to him is permissive merely, and subject to many restrictions. He could not build on it. His cultivation of it would be subject to interruption. Even his timber growing rights would be restricted. An element of danger is constant. It is difficult to conceive how a company could erect its poles, string and maintain its wires, and protect them from interference, so essential to uninterrupted service, without exercising such use of and dominion over the strip of land beneath its wires and between its poles as is inconsistent with that use by the owner which is a necessary incident of free ownership. While not on its facts in point, much that is said by Mr. Justice HALL in his opinion in *Light & Power Co.* v. *Beard,* 152 Tenn., 355, 356, as to the superior and dominant rights necessarily passing from the owner to the condemnor for the very purposes here proposed has application. Under such an easement only as is sought, in order to be effectual, the Power Company must have the unquestioned right to occupy the land beneath its wires at any time the exigencies of its business may so demand, even to exclude the owner where necessary, with the right always to enter, ''for the purpose of improving, repairing, and building additions to its line or lines, and, if necessary, destroy any crops that may be growing thereon. Any right the owner has to use the premises is subordinate to the prior and superior rights of the power company. The owner has lost his right to build houses, fences, and other structures upon said land. He has lost his right to grow

timber upon it.  *(4)*   His interest in the property has
been reduced to that of a servient estate.''

But however this may be, as already stated, the general
condemnation statutes, to which alone the condemnor
must look for his mode of procedure, is explicit, although
prescribing no particular dimensions, and the petition
must of necessity conform thereto, setting forth some
specific boundaries.

The judgment is affirmed.