## WEST TENNESSEE POWER & LIGHT COMPANY v. M. SHALLABARGER.

Western Section. June 30, 1931.

Petition for Certiorari denied by Supreme Court March 5, 1932.

John T. Gray, Jr., of Brownsville, for appellant.

John R. Bond, of Brownsville, and N. R. Barham, of Jackson, for appellee.

HEISKELL, J. This is a suit by the West Tennessee Power & Light Company to condemn for its purposes a strip of land fifty feet wide and 3310 feet long across the farm of the defendant, M. Shallabarger.

The plaintiff is a public service corporation chartered under the laws of Florida and qualified and authorized to do business in Tennessee under the laws of this state. It is engaged, among other things, in the business of manufacturing, selling and transmitting for the public use electricity, electrical energy, lights and electrical heat, and is a public utility operating under and in conformity with the rules and regulations of the Railroad and Public Utilities Commission of Tennessee and under its charter provision and the laws of Tennessee has the right of eminent domain and to condemn and appropriate for its authorized uses and purposes rights of way across the lands of individuals and other class of owners.

The defendant is the owner of a tract of land of 297.5 acres situated in the 5th Civil District of Haywood County, Tennessee, and correctly set out and described in the petition of the plaintiff.

Plaintiff desired to construct a transmission line from what is known as its Morris Sub-station in Madison County, Tennessee, to Bells, Crockett County, Tennessee, for the purpose of transmitting for public use electricity and electrical energy over the same. The proposed line crossed the above land of the defendant for a distance of 3310 feet and at a width of fifty feet traversing the entire tract in a slightly northwesterly direction.

A jury of review allowed $100 actual damages and $250 incidental damages. The defendant appealed to the Circuit Court where a jury allowed $37.50 per acre for the land taken, 3.8 acres, amounting to $142.50 and $750 for incidental damages, making a total of $892.50. From this the plaintiff company has appealed and assigns errors as follows:

"The court erred in overruling plaintiff's motion for a new trial and not granting it a new trial for reasons set out in said motion and here assigned as errors, which are as follows:

"I.

"Because the verdict of the jury is not sustained by the weight of the evidence in the case and because the weight of the evidence greatly preponderates against the verdict of the jury.

"II.

"Because the amount of incidental damages found and assessed by the jury is excessive and not sustained by the preponderance of the evidence introduced and the weight of the

evidence greatly preponderates against the verdict of the jury as to incidental damages.

"III.

"Because the verdict of the jury evinces passion, prejudice and caprice on the part of the jury.

"IV.

"Because the trial judge erred in charging the jury as follows:

" 'In determining the rights of the parties in this case as to incidental damages you have the right to look to this proposition of law; that the condemnor, the plaintiff, the West Tennessee Power & Light Company, under the right of eminent domain by reason of this proceeding condemning this land has exclusive right and control of the property condemned, in so far as it needs that property in the promotion of the business for which it has condemned it and that the right in the owner of the land, in so far as this particular strip of land, is a permissive right and he can use it under such restrictions and under such permission under the law as the condemnor, the West Tennessee Power & Light Company, may permit, However, they are condemning it for the purpose of erecting thereon, certain lines for the transmission of electrical energy, and their uses of it are limited to the purposes for which they condemn it and if the exigencies of their business require them to have absolute possession of it to the exclusion of the owner, they have the right to exercise that right and to restrict his use of it and exclude him from the use of it altogether.'

"V.

"Because the trial judge erred in not charging the following special request seasonably requested by the plaintiff to charge the same, which special request is as follows:

" 'The court charges you that the petitioner, West Tennessee Power & Light Company, does not acquire by the condemnation proceedings which it has instituted in this case against the defendant, M. Shallabarger, the title to the strip of ground described in the petition comprising three and eight-tenths acres of land; but that the right sought and acquired by the petitioner over, upon and across said strip of ground fifty feet wide and a total distance of three thousand three hundred and ten feet in length is only an easement or right of way for the purpose of enabling petitioner to build, maintain and operate its transmission lines from its Morris Sub-Station to Bells, Tennessee, as is

set forth in the petition filed in this suit which has been read in your hearing. The defendant land owner M. Shallabarger, still retains and owns the fee simple title to said strip of ground and he, or any subsequent owner has the lawful right to conjointly use the same with the petitioning company in every way the owner M. Shallabarger or any other person to whom he may sell and deed said strip of ground may see fit and proper, so long as such use by the owner does not interfere with the proper use of the petitioning company in constructing, maintaining and operating its aforesaid transmission lines.'

## "VI.

"Because the trial judge erred in failing and refusing to charge the jury the following special request when seasonably requested by the plaintiff to charge same, which request is as follows:

" 'The court charges you that the petitioning company has no lawful right to prevent M. Shallabarger or any other owner to whom said Shallabarger may convey the strip of ground acquired as a right of way in this case from using the same at all for the purpose of passing over and across the same from and to the adjacent land on either side, either in person or by employees or in having live stock placed thereon, so long as such use by the owner of the title to the land does not interfere with the free use of the transmission line constructed, maintained and operated over and upon said strip of ground by the petitioning company.'

## "VII.

"Because the trial judge erred in failing and refusing to charge the jury the following special request when seasonably requested by the plaintiff to charge same, which request is as follows:

" 'The court further charges you that the petitioning company has no lawful right to prevent the present owner, M. Shallabarger, or any other person to whom he may convey said strip of land, from passing up and down and over and upon said right of way or from preventing livestock or the use of farming tools and implements and vehicles upon and along said right of way so long as such user does not interfere with the purpose for which said land has been acquired, that is, for the purpose of erecting, maintaining or operating its transmission line.' "

It will be seen that the only question presented is that the verdict is so excessive as to show passion, prejudice or caprice on the part of

the jury. The assignments directed to the charge of the court go to this question only. That is to say, if a correct charge had been given the jury would not have rendered a verdict for so much. In other words, there is no question as to the plaintiff's right to the condemnation and as to the defendant's right to damages, but the objection is to the amount allowed.

As to the fourth assignment based upon the charge given by the court, it cannot be denied that the language used by the court was warranted by the Tennessee cases if applicable to the present case. Light & Power Co. v. Beard, 152 Tenn., 358, 277 S. W., 889; Hydro-Electric Co. v. Shanks, 156 Tenn., 94, 299 S. W., 809.

But it is said these cases are dealing with the question of actual damages and not incidental damages. That is true. In those cases it was insisted by the condemnor that so little use might be made of the land, there might be so little interference with the use by the owner of the fee, that the company ought not to pay the actual value of the land and the court said the use by the company might increase and be extended until it became practically exclusive and therefore no rebate from the actual value could be allowed. The same idea is being pressed upon the court by the appellant in the present case as to incidental damages, and it seems to us the same rule applies. It is argued that so little use may be made of the easement that the owner of the fee should have little by way of incidental damages, but the reply is that the use may become practically exclusive and the jury is entitled to look to this in fixing the incidental damages. If the use should increase to practical exclusion of the landowner, then there is a strip of land running diagonally through his farm over which he has no control. This would certainly inflict incidental damages upon the whole farm. Certainly no sane landowner would sell outright a strip like this for the actual value based upon the proportion of the acreage in the strip to the whole farm. He would certainly demand an amount sufficient to cover incidental damages to the remainder of the land. If the use of the easement may become so exclusive as to amount practically to a fee, then the fee disappears. We think there was no error in the court telling the jury they could consider this.

The fifth, sixth and seventh assignments insist that the trial court erred in refusing to give instructions requested by appellant. These requested instructions ask the court to tell the jury that in fixing incidental damages they should consider how little use the company may make of the right of way. How little that use may interfere with the use by the owner of the fee. The trouble about this contention is, the condemnor does not agree to limit the use. The condemnation is for all time. It carries with it the right to so use as to prac-

tically eliminate the fee. The owner of the easement offers no agreement to limit the use or to assure the landowner of any certain use. The condemnor is seeking to have the damages fixed upon the basis of the least possible use of the easement and at the same time retain the right to make the most exclusive use. The right of the condemnor to use to the utmost, goes with the easement. The right of the owner of the fee is to use what the condemnor does not need. In view of these considerations we think it was not error to decline to give these special requests.

The question then of the amount of compensation to be allowed the defendant having been passed upon by the jury, we see nothing in the amount of the verdict to indicate passion, prejudice or caprice. The proof is conflicting as to the actual value of the land and also as to the incidental damages. Witnesses not impeached in any way testified to higher actual value and greater incidental damages than adopted by the jury. In view of the highest figures in the testimony those adopted by the jury seem quite conservative. There is evidence to sustain the verdict, and in view of the testimony it is not excessive.

All assignments of error are overruled and the judgment of the lower court is affirmed. Appellant will pay the costs of the appeal.

Senter and Owen, JJ., concur.