**W. L. PICKENS et al., Appellants,**

v.

**HIDALGO COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NUMBER SIXTEEN, Appellee.**

No. 12870.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 30, 1955.

Dobbins & Howard, San Antonio, Rankin, Kilgore & Cherry, Edinburg, Strickland, Wilkins, Hall & Mills, Mission, for appellant.

Kelley, Looney, McLean & Littleton, J. C. Looney, Sidney Farr, Corwin C. Connell, Edinburg, for appellee.

MURRAY, Chief Justice.

This suit was instituted by W. L. Pickens and others against Hidalgo County Water Control and Improvement District Number Sixteen, seeking an injunction against defendant restraining it from constructing, maintaining and operating its proposed pumping plant, canals and reservoirs on some 571.26 acres of land belonging to plaintiffs, and other relief by way of declaratory judgment hereinafter set forth. It is admitted that defendant has instituted a condemnation proceeding in the County Court at Law of Hidalgo County, Texas, to condemn a surface easement over the 571.26 acres of land, but plaintiffs contend that this land has large deposits of oil, gas, distillate and other minerals located under it, which are of great value, and that the flooding and inundation of such land will result in the taking and confiscation of plaintiffs' minerals, without condemnation,

due process of law or adequate constitutional compensation.

Plaintiffs further allege that they own the waters of La Joya Lake and the natural depression known as the Joya Creek and have vested rights therein, and that these rights likewise will be confiscated without condemnation, due process of law of Constitutional compensation, if defendant is permitted to construct its reservoir.

Plaintiffs allege that defendant holds Water Permit.No. 1518, issued by the State Board of Water Engineers, purporting to authorize defendant to direct various waters of the Rio Grande and the waters of La Joya Lake and the Joya Creek for use on lands located within the boundaries of defendant district, which water permit, plaintiffs contend, is void for reasons set out and ask for a declaratory judgment holding such permit to be void.

Defendant answered by seeking a declaratory judgment that plaintiffs take nothing. The trial court found for defendant and rendered a declaratory judgment that plaintiffs take nothing, and plaintiffs have prosecuted this appeal.

 Appellants' first point is that the court erred in holding that it was without jurisdiction to enjoin appellee from taking and confiscating appellants' minerals without condemnation or compensation. We overrule this contention. The record discloses, without dispute, that condemnation proceedings were pending in the County Court at Law of Hidalgo County at the time appellants filed this suit in the district court. It is true that appellee had only attempted to condemn an easement on the land of appellants, and had not sought to condemn the mineral rights lying under the land, but this is of no consequence. If the taking of the easement over the surface of appellants' land would have the effect to deprive them of their minerals lying under such land, then the County Court would have jurisdiction to allow appellants full compensation for the value of such minerals. The County Court has full jurisdiction

to hear and determine all condemnation suits and to allow the same full compensation, not only for the property taken but also for all damages or loss caused by such taking. If it be shown, upon the trial of the condemnation proceedings in the County Court, that by taking the surface easement sought by appellee the entire fee will be rendered useless to appellants, then they may recover the market value of the entire fee. Thompson v. Janes, 151 Tex. 495, 251 S.W.2d 953; Kentucky-Tennessee Light & Power Co. v. Beard, 152 Tenn. 348, 277 S.W. 889; North Carolina State Highway v. Black, 239 N.C. 198, 79 S.E.2d 778; Grand River Dam Authority v. Martin, 192 Okl. 614, 138 P.2d 82; Ensign Yellow Pine Company v. Hohenburg, 200 Ala. 149, 75 So. 897; Southern Pacific R. Co. v. San Francisco Sav. Union, 146 Cal. 290, 79 P. 961, 70 L.R.A. 221.

In Wilson v. Donna Irr. Dist. No. 1, Hidalgo County, Tex.Civ.App., 8 S.W.2d 187, 188, the Court said:

"Admittedly, when appellee complied with the statute, as alleged, and entered the county court of Hidalgo county, that court obtained jurisdiction of the subject-matter, and the county judge has full authority to pass on all questions that might arise in the case. * * * If the court, however, permits the appropriation of the land in defiance of appellant's rights and the Constitution and laws, appellant can obtain redress by an appeal. * * * All the cases in which injunctions have issued to restrain condemnation proceedings were those in which county courts had violated the law and exceeded their jurisdiction. In this case the proceedings are prima facie legal and regular, and the proceedings are not assailed and sought to be prevented on account of any irregularity on their face, but on account of defenses which appellant may present against condemnation of his property."

In Missouri-Kansas-Texas R. Co. of Texas v. Jones, Tex.Com.App., 24 S.W.2d 366, the Court said:

"Jurisdiction granted to county courts by the law of this state to hear and determine the condemnation suits by necessary implication includes the right to try and decide all questions which may fairly arise in such controversies, including the right to determine whether the existing facts authorize the exercise of the power thus conferred."

Appellants next contend that the court erred in holding that it was without jurisdiction to enjoin appellee from taking and confiscating appellants' waters without condemnation or compensation. We overrule this contention for the same reasons stated above. When the condemnation proceedings were filed in the County Court at Law, that court had exclusive jurisdiction to allow appellants compensation for all property taken, injured or damaged by the taking of the surface easement sought by appellee, including full compensation for appellants" water and water rights. Darlington v. Pennsylvania Ry. Co., 278 Pa. 307, 123 A. 284; Wiley Drainage District v. Semmens, 80 Colo. 365, 250 P. 527; United States v. Welch, 217 U.S. 333, 30 S.Ct. 527, 54 L.Ed. 787.

■ Neither did the court err in refusing to grant appellants a summary judgment declaring appellee's Water Permit No. 1518 to be null and void. Appellee's right to condemn the surface easement which it sought was dependent upon the validity of its permit No. 1518. The County Court at Law had exclusive jurisdiction to determine this matter. Missouri-Kansas R. Co. of Texas v. Jones, Tex.Com.App., 24 S.W.2d 366; Johnston v. O'Rourke & Co., Tex.Civ.App., 85 S.W. 501.

■ A court will not grant a declaratory judgment if the same issues between the same parties were involved in another cause pending at the time of the filing of the declaratory proceedings. The rule is stated thusly in 135 A.L.R. at pages 934–5:

"Although there is apparently some conflict on the question, the rule which may be formulated from a reading of the cases as a whole, and under which most of the cases with apparently conflicting results may be reconciled, seems to be that jurisdiction of a declaratory judgment action will not be entertained if there is pending, at the time of the commencement of the declaratory action, another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory action. (This rule is sometimes predicated on the power of the court, as a matter of judicial discretion, to refuse to entertain jurisdiction of the declaratory action, and sometimes on complete lack of jurisdiction.)"

The following cases support the above rule: Jefferson Co. ex rel. Coleman v. Chilton, 236 Ky. 614, 33 S.W.2d 601; Joseph v. City of Ranger, Tex.Civ.App., 188 S.W.2d 1013; Georgia Industrial Realty Co. v. City of Chattanooga, 163 Tenn. 435, 43 S.W.2d 490. See also, 16 Am.Jur. 295; Anderson, Actions for Declaratory Judgments, Vol. 1, p. 47.

■ Appellants call to our attention that the trial court, having found in effect that the County Court at Law had exclusive jurisdiction of the issues raised in the present suit and that it therefore was without jurisdiction, should have entered a judgment dismissing the cause, instead of a declaratory judgment that appellants take nothing. We sustain this contention.

Accordingly, the judgment of the trial court will be reversed and judgment here rendered that the cause be dismissed. The costs of the lower court and this Court will be taxed against appellants.