Bobby SMITH, Appellant,

v.

Homer GARRISON, Jr., Appellee.

No. 10503.

Court of Civil Appeals of Texas.

Austin.

May 22, 1957.

Rehearing Denied June 12, 1957.

Maynard F. Robinson, of San Antonio, for appellant.

Will Wilson, Atty. Gen., of Texas, J. L. Smith, Asst. Atty. Gen., for appellee.

ARCHER, Chief Justice.

This is an appeal from and is based on one assignment of error:

"The court below erred in sustaining Appellee's Plea to the Jurisdiction and in Abatement for the reason that the action was brought under the Uniform Declaratory Judgments Act, Art. 2524, V.C.A., and by reason whereof the action is sui generis in nature and neither legal nor equitable in nature, and the availability or pendency of other relief is not a bar to the relief sought below."

Appellant alleged in his petition that the defendant, appellee herein, arbitrarily and capriciously refused to renew a commercial operator's license, assigning as a reason for such refusal Article 6687b, § 4, subd. 9, V.A.C.S., which relates to who may not be licensed, and the particular subdivision reading: "To any person when the Department has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare."

Since this is an appeal from an order sustaining a plea to the jurisdiction and in abatement we will consider the question of the propriety of such order, and will not attempt to discuss the merits of the case, other than is essential to an understanding of our view of the action of the court.

Appellant herein appears to have had considerable unsatisfactory relations with the Department concerning his operations of motor vehicles on the highways, the most recent of which grows out of a letter from the Department to appellant dated February 6, 1957, that his application for renewal of his commercial operator's license was being denied under authority of Article 6687, Section 4, Subsection 9.

On February 8, 1957, appellant filed a suit in County Court at Law No. 2, Bexar County, Texas, against the Department, under the provisions of Section 31, Article 6687b, alleging that he had been denied a commercial operator's license by the Department and prayed for a finding determining whether he was entitled to a license. This case was set for hearing on February 25, 1957, and a hearing was had and all parties appeared, and the matter was taken under advisement with the statement by the court that a decision would be rendered on March 1, 1957.

On February 19, 1957, while the appeal above noted was pending, the present cause was filed in the District Court in Travis County, Texas, praying for a declaratory judgment finding that appellant is not an habitual violator of the traffic laws, not responsible for an accident resulting in serious property damage, and that there exists as of now no reason for a reasonable person to believe that his operation of a commercial vehicle or any other type of motor vehicle as of now is inimical to the public safety or welfare, and for injunctive relief, etc.

Appellee filed a plea to the jurisdiction and in abatement, which was sustained by the court, and appeal has been made to this Court.

We do not believe that the Trial Court was in error in sustaining the plea to the jurisdiction and in abatement, because the appellant had an adequate administrative remedy by appeal under Section 31, Article 6687b, which he availed himself of, and that after invoking that remedy and perfecting his appeal, appellant cannot thereafter, while the appeal is still pending, seek relief under the Uniform Declaratory Judgment Act.

In Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 714, 172 A.L.R. 837, the court states the general rule as to the application of the Uniform Declaratory Judgment Act, and made this statement:

"We do not hold that the declaratory judgment procedure may be used when a statute provides an administrative board or other special tribunal or special procedure for the particular type of case in hand as, for example, a workmen's compensation case. * *"

In Pickens v. Hidalgo County Water Control and Improvement District No. 16, Tex.Civ.App., 284 S.W.2d 784, 786, the court held that:

"A court will not grant a declaratory judgment if the same issues between the same parties were involved in another cause pending at the time of the filing of the declaratory proceedings."

It was held in Zamora v. Zamora, Tex. Civ.App., 241 S.W.2d 635, 638, concerning the application of Section 6:

"Section 6 of the Article in question certainly gives the court some discretion as to whether or not it exercises the jurisdiction conferred by law. Such discretion, in our opinion, cannot be an arbitrary discretion, but must be limited and controlled by the provision of Section 6."

Since the question for determination is the propriety of the court's action in refusing to take jurisdiction of the declaratory action we do not further consider the several cases cited by appellant and appellee relating to the merits of the case. The merits of this case were before the County Court in Bexar County, Texas, and we understand are before the Court of Civil Appeals for the Fourth Supreme Judicial District.

The judgment of the Trial Court is affirmed.

Affirmed.