NATIONAL   NON-THEATRICAL   MOTION   PICTURE   BUREAU, INC. *vs.* OLD COLONY TRUST COMPANY.

Suffolk.   December 6, 1929. — January 7, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Of bank.   *Bank.   Damages,* In contract, In tort.   *Agency,* Responsibility of agent to principal.   *Practice, Civil,* Findings by judge, Report.   *Bills and Notes,* Holder, Presentation and dishonor.   *Waiver.*

At the trial of an action of contract or tort against a bank by the holder of a promissory note, it was agreed that the defendant had failed to send notice of nonpayment to the indorsers of the note.   The action was heard without a jury by a judge who found that the plaintiff, before maturity, had entrusted·the note to the defendant and had instructed it to make demand for payment in the usual way; that the maker of the note was worthless; that the plaintiff had not received anything on account of the note; and that, on the day of the maturity thereof, the indorsers were worth $2,500, which was less than the face of the note.   The judge found for the plaintiff in the sum of $2,500, and reported the action, without a report of the evidence.   It was stated in the report that the only question at the trial was that of damages.   *Held,* that

(1) It must be assumed by this court that the defendant had been negligent in failing to give notice of nonpayment to the indorsers;

(2) The measure of the plaintiff's damages was the actual loss which resulted proximately from the defendant's negligence;

(3) There was presented a question of fact, whether the plaintiff had suffered such a loss by reason of the indorsers having financial worth;

(4) The finding by the judge, that the indorsers were worth $2,500 on the date of maturity, must stand;

(5) Upon the facts found, the finding for the plaintiff in the sum of $2,500 was proper.

It appeared in the action above described that the maker of the note had been adjudicated a bankrupt, and that the indorsers, having been informed of the bankruptcy, stated that they could not and would not pay the note at maturity.   The defendant contended that they thereby waived demand and notice of nonpayment.   It *was stated* that the defendant's contention could not be sustained.

It further appeared in the action above described that the attorney for the defendant brought and prosecuted to judgment an action on the note in the name of the plaintiff against the maker and indorsers; that an execution following such judgment had been sent to the plaintiff; that nothing had been received thereon; and that such action was in reality by the defendant and in its behalf. It *was stated* that the judgment entered in that action did not bar the right of the plaintiff to recover in the present action.

CONTRACT OR TORT. Writ dated January 28, 1928.

In the Superior Court, the action was heard by *Cox*, J., without a jury. Material facts found by the judge are stated in the opinion. He found for the plaintiff in the sum of $2,500, and reported the action for determination by this court, with the following stipulation: "If my decision was right, then judgment is to be entered upon my finding; if the plaintiff is right in its contention that it is entitled on the facts found and the law applicable thereto to the full damages as measured by the amount of the note in question, then judgment is to be entered for the plaintiff in the sum of $6,500., together with interest at six per cent per annum from August 30, 1924; if, upon the facts found and the law applicable thereto, the plaintiff is entitled to nominal damages only, then judgment is to be entered for the plaintiff in the sum of one dollar; if, upon the facts found by me and the law applicable thereto, the defendant is entitled to judgment, it is to be so entered."

The evidence was not reported.

*W. S. Patterson*, (*A. G. Ferdinand* with him,) for the defendant.

*John Jackson Walsh*, for the plaintiff.

CROSBY, J. This is an action to recover damages for the alleged failure of the defendant to send notice of protest for nonpayment to the indorsers on a note of which the plaintiff was a holder through the indorsement of the payee. The case was heard by a judge of the Superior Court, without a jury, who made certain findings of fact, rulings of law and found for the plaintiff in the sum of $2,500 as damages. The only question at the trial was one of damages, and the case is reported to this court upon the pleadings, findings of fact and rulings, with the stipulation

that if the decision was right judgment is to be entered on the finding.

The judge made the following findings: On August 30, 1924, one Willard made a note for $6,500 bearing interest at the rate of six per cent per annum, payable in one year to one Davis. The note was indorsed before delivery by P. Cyril Shaw and Henry C. Shaw. Davis indorsed the note to the plaintiff before maturity and the latter is a holder in due course. Before maturity, the note was given to the defendant for safe keeping. On August 18, 1925, the defendant inquired of the plaintiff as to what it wished done with the note, and on August 28, 1925, the plaintiff requested the defendant make demand for payment in the usual way. At the trial it was agreed that the defendant failed to send any notice of nonpayment to the indorsers. The maker of the note was worthless, and was adjudicated a bankrupt. The plaintiff has not received anything on account of the note. The judge further found that on August 30, 1925, the date on which the note fell due, the indorsers were fairly worth the sum of $2,500.

As the only question at the trial was that of damages, it is to be assumed that the defendant was negligent in failing to give notice to the indorsers; it follows that the plaintiff was entitled to damages which were to be measured by the actual loss occasioned by such negligence.

The contention of the defendant, that, after the maker of the note was adjudicated a bankrupt, the indorsers were informed of his bankruptcy and said that they could not and would not pay the note when due, and that this was a waiver of demand and notice, cannot be sustained. The decision in *Bowen* v. *Farley*, 256 Mass. 23, is not applicable to the facts found in the case at bar. The measure of damages for failure to give notice to the indorsers would be *prima facie* the amount of the note and interest thereon, but if the defendant could show that the loss of the plaintiff was merely nominal, and that it suffered no actual loss on account of the negligence of the defendant, the amount recoverable would be limited to nominal damages. *First National Bank of Meadville* v. *Fourth National Bank of New York*, 77 N. Y. 320. *Allen* v. *Suydam*, 20 Wend. 321.

*American National Bank* v. *Bandon,* 240 Fed. Rep. 624. *Jefferson County Savings Bank* v. *Hendrix,* 147 Ala. 670. *Fort Dearborn National Bank of Chicago* v. *Security Bank of Renville,* 87 Minn. 81.

Whether the plaintiff suffered a loss by reason of the failure to give notice to the indorsers depended upon their financial responsibility, and presented a question of fact. The evidence upon which the trial judge found that the indorsers on August 30, 1925, the date of the maturity of the note, were fairly worth $2,500 is not before us. Accordingly that finding must stand. Upon the facts found the plaintiff was not entitled to recover the full amount of the note with interest, nor was the liability of the defendant limited to nominal damages. The measure of damages recoverable was the loss shown to have been the natural and proximate consequence of the negligence of the defendant. *Whitney* v. *Merchants' Union Express Co.* 104 Mass. 152. See *Noxon* v. *Hill,* 2 Allen, 215; *Lord* v. *Hingham National Bank,* 186 Mass. 161; *Dern* v. *Kellogg,* 54 Neb. 560; *Continental National Bank of Indianapolis* v. *Discount & Deposit State Bank of Kentland,* 199 Ind. 290.

It appears that, in September 1925, the attorney for the defendant brought an action against the maker and the indorsers of the note wherein the plaintiff in this action was named as plaintiff. Judgment was rendered for the full amount of the note and execution was issued therefor. The defendant's attorney gave the execution to the defendant in this action who in turn sent it to the plaintiff. Nothing has been collected on the execution. The judge found that the action against the maker of the note and the indorsers was in reality an action by the defendant and for its benefit, and that it was brought by the defendant's attorney at its direction. It is plain that the judgment in that action is not a bar to the right of the plaintiff to recover in the present action.

In accordance with the terms of the report the entry must be

*Judgment for the plaintiff for $2,500*
*as damages.*