EARLY, RECEIVER, *v.* FEDERAL RESERVE BANK
OF RICHMOND.

No. 226.   Argued February 26, 27, 1930.—Decided March 12, 1930.

*Messrs. George P. Barse* and *R. E. Whiting,* with whom
*Mr. F. G. Awalt* was on the brief, for petitioner.

86

*Mr. M. G. Wallace* for respondent.

*Messrs. F. G. Awalt* and *George P. Barse,* by special leave of Court, filed a brief as *amici curiae,* on behalf of J. W. Pole, Comptroller of the Currency.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit brought by the receiver of a national bank in South Carolina, a member of the Federal Reserve System, to recover the reserve balance of that bank in the hands of the Federal Reserve Bank of Richmond at the end of business on October 9, 1926, when the South Carolina Bank, being insolvent, closed its doors. Other matters tried below are not in question here. The Richmond Bank claims the right to retain the balance on the following facts. As authorized by agreement, on October 7 it forwarded to the South Carolina Bank checks drawn upon the latter which the Richmond Bank had received for collection. These checks were received the next day, marked paid and charged to the accounts of the drawers. Other checks were forwarded on October 8 and marked paid and charged to the drawers by the South Carolina Bank on October 9. After notice of the failure the Richmond Bank on October 11 charged the account of the South Carolina Bank with the amount of the checks forwarded on October 7 and the next day charged what was left with the amount sent on October 8.

The relations between the two Banks were fixed by the following terms of a circular of the Richmond Bank which was authorized by law and agreed to by the other. " Checks received by us drawn on our member banks will be forwarded in cash letters direct to such banks and each member bank will be required either to remit therefor in immediately available funds or to provide funds available to us to meet such cash letters within the agreed transit time to and from the member bank. Therefore, the

amount of any cash letter to a member bank is charge-able against available funds in the reserve account of such member at the expiration of such transit time, which date will be shown on each cash letter. The right is reserved, however, to charge a cash letter to the reserve account of a member bank at any time when in any particular case we deem it necessary to do so." The transit time or time allowed for collection in this case was three days, and had not expired when the South Carolina Bank closed its doors. . The Circuit Court of Appeals sustained the claim of the Richmond Bank. 30 F. (2d) 198. A writ of certi-orari was granted by this Court.

The petitioner contends that his bank had until the end. of the transit time to remit or to provide funds to meet the cash letters, that until then the Richmond Bank had a bare power of attorney to charge the reserve fund, and that the power was revoked by the insolvency of the petitioner's bank. He denies that the reserve fund was subject to any lien until that date, and calls attention to the right of his bank to draw checks against that fund reserved to it by the law. Code, Tit. 12, § 464.

All parties must be taken to have dealt upon the terms of the circular that we have quoted. The right of the South Carolina Bank to draw against its reserve account was subject to the right of the Richmond Bank that held the account to charge it with a cash letter whenever deemed necessary. This power is reserved more ob-viously in the interest of the depositors of the checks than of the Richmond Bank. The latter received the checks for collection with responsibility only for its own negli-gence. The depositor took the chance of finding that his only debtor was a distant bank in place of the maker of the check discharged (*Federal Reserve Bank of Richmond* v. *Malloy,.* 264 U. S. 160, 166,)—a bank that might be insolvent, as this one was. His situation was the one that

most needed the power to charge the reserve. The language of the circular pointed to the depositor's interest—for the cash letter that was to be charged was merely another name for the checks that the letter contained. The existence of the power must be assumed to have been one of the considerations inducing the owner of the check to give the Richmond Bank authority to send it directly to the drawee. All parties must be taken to have understood that in the event that happened it was the duty of the Richmond Bank when it knew the facts to charge the reserve account of the South Carolina Bank, and if so the account should be charged. There was no overt act necessary in addition to what the parties had agreed upon. The case of *Equitable Trust Co.* v. *First National Bank of Trinidad,* 275 U. S. 359, cited by the petitioner, has no application because there in the opinion of the Court there was no attempt to create a lien upon an identified fund, whereas here the reserve was identified. The fact that the fund might be diminished by drafts of the South Carolina Bank does not invalidate the lien, any more than the right of a depositor to draw against his account invalidates a banker's lien, not to speak of the paramount power of the Richmond Bank mentioned above.

*Judgment affirmed.*