## FIRST HUNTINGTON NAT. BANK v. SALT LICK DEPOSIT BANK.

### No. 5906.

Circuit Court of Appeals, Sixth Circuit.

May 13, 1932.

George Martin, of Catlettsburg, Ky. (Martin & Smith, of Catlettsburg, Ky., Fitzpatrick, Brown & Davis, of Huntington, W. Va., on the brief), for appellant.

Robert H. Winn., of Mt. Sterling, Ky., for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

The only question presented by this appeal is whether the amended petition of the plaintiff below states a cause of action. Although an answer and reply had been filed, the action was dismissed as upon demurrer to the petition. The parties have not argued, and we do not therefore consider, whether the answer of the defendant set forth facts constituting a valid defense, or whether the reply of the plaintiff properly raised any issues of fact or law.

The petition as amended sets forth in substance that prior to maturity the plaintiff, First Huntington National Bank, became the owner of a certain promissory note made or executed by the Salt Lick Lumber Company, a Kentucky corporation, dated March 21, 1925, payable to Ritter-Burns Lumber Company, a West Virginia corporation, three months after date, in the sum of $5,577.12; that prior to maturity this note was forwarded to the First National Bank of Cincinnati, Ohio, to be in turn forwarded for collection to the bank where said note was payable, to wit, Salt Lick Deposit Bank, defendant; and that, by an understanding and agreement between the First National Bank of Cincinnati and the plaintiff, the First National Bank of Cincinnati was to act, and did act, only as the agent of the plaintiff in forwarding the item for collection, with power and authority to select for and on behalf of the plaintiff an agent to make collection, being obligated only to exercise care in the selection of such agent, and not assuming or agreeing to assume any liability growing out of the negligence or default of any agent to whom it might forward the item. The petition further alleges negligence of defendant, Salt Lick Deposit Bank, in failing to present the note for payment or to notify the maker upon maturity, and in failing to give proper notice of dishonor and protest to the indorser, Ritter-Burns Lumber Company; that the maker of the note "is now insolvent;" that no part of said note has been paid except the sum of $1,960.77, which amount was paid to plaintiff by the receiver of the maker; that the Ritter-Burns Lumber Company was then and is now solvent, but that it was discharged from liability as indorser by reason of the negligence of the defendant; and that, by reason of said facts, the plaintiff has been damaged in the sum of $5,577.12, with interest thereon from June 21, 1925, subject to a credit of $1,960.77 as of July 15, 1927, for which judgment is prayed.

One objection raised to the sufficiency of the allegations of this petition is that it does not contain an express allegation that the note is now wholly worthless, or that no

part of the unpaid balance is collectible, by suit or otherwise, from the maker; and thus it is urged that the fact of damage due to the negligence of defendant does not appear. If liability of the defendant to the plaintiff for negligence in handling the collection be conceded, we think that it is clearly to be inferred from the amended petition as a whole that the unpaid balance is now wholly uncollectible. But, even though this were not so, we think that the allegations of the amended petition are sufficient. The measure of damages for negligence of a bank in failing to present a bill or note for payment, whereby a solvent indorser is released, is prima facie the face of the paper, although the defendant may show that no loss in fact resulted. This, however, is matter of defense. We accept the rule as stated in National Non-Theatrical M. P. Bureau, Inc. v. Old Colony Trust Co., 270 Mass. 34, 169 N. E. 508, 67 A. L. R. 1509. For other statements of this rule and authorities supporting it, see notes in 19 A. L. R. 555 and 67 A. L. R. 1511; and 7 C. J. 624.

■■ The other and chief contention of the defendant is that under the doctrine of Exchange National Bank v. Third National Bank, 112 U. S. 276, 5 S. Ct. 141, 28 L. Ed. 722, the subagent of a bank to which a promissory note was delivered for collection is not liable to the owner of the note for negligence. Under the doctrine of that case, applying the so-called "New York rule," the bank with which the note is first deposited for collection (here the First National Bank of Cincinnati) is liable to the owner and depositor for the negligence of its subagent. The subagent may be liable to the initial bank, but is not liable directly to the owner. This is the rule universally applied by the federal courts in the absence of special circumstances. Perhaps the greater number of states of the Union apply the contrary rule, known as the "Massachusetts rule," viz.: That the initial bank is authorized to employ subagents who thereupon become the agents of the owner and directly responsible to him for their defaults. This is the rule applied by the state courts of Kentucky, but, in the absence of agreement to the contrary, the "New York rule" would be applied by the federal courts.

In the case of Federal Reserve Bank v. Malloy, 264 U. S. 160, 164, 44 S. Ct. 296, 298, 68 L. Ed. 617, 31 A. L. R. 1261, however, the Supreme Court again recognized that "the rule may, of course, be varied by contract, express or implied," and proceeded to imply such a contract by reason of a Florida statute with respect to which, it was said, it must be presumed that the owner and the initial bank, both residents of Florida, dealt with each other. The court continues: "This statute had the effect of importing the 'Massachusetts rule' into the contract, with the result that the initial bank had implied authority to intrust the collection of the check to a subagent and that subagent, in turn, to another, and the risk of any default or neglect on their part, rested upon the owners. [Exchange Nat. Bank v. Third National Bank] 112 U. S. 281, 5 S. Ct. 141, 28 L. Ed. 722. It follows that the action was properly brought [by the owner] against the Richmond [Va.] bank."

■ In the present case it is unnecessary to place reliance upon an implied agreement. The amended petition alleges an express agreement between the plaintiff and the First National Bank of Cincinnati whereby the "Massachusetts rule" was made applicable. Thus the case of Federal Reserve Bank v. Malloy is express authority supporting the owner's right of action against the subagent and releasing liability to the owner on the part of the initial bank. The subagent, having been negligent, should be held liable for such negligence either to the initial bank or to the owner; and, the initial bank having expressly contracted with reference to the "Massachusetts rule," whereby it could suffer no damage, it follows that the liability of the subagent must be to the owner by which the loss is alleged to have been suffered. The defendant has no right to complain that it is held accountable to the owner, which was thus damaged, rather than to the initial bank, in an identical amount, as would have been the case under application of the New York rule. The initial bank not having become the owner of the note, the doctrine of City of Douglas v. Federal Reserve Bank, 271 U. S. 489, 46 S. Ct. 554, 70 L. Ed. 1051, does not apply. Compare, also, Early v. Federal Reserve Bank, 281 U. S. 84, 89, 50 S. Ct. 235, 74 L. Ed. 718; First National Bank v. Federal Reserve Bank, 6 F.(2d) 339 (C. C. A. 8).

This being the only issue seriously presented to the court, and without expressing any opinion as to the defenses sets forth in the answer or the sufficiency of the reply, the judgment of the District Court is reversed, and the cause is remanded for further proceedings.