**SOUTHERN RY. CO. v. ELLIOTT et al.**

**KRUPNICK v. PEOPLES STATE BANK OF SOUTH CAROLINA et al.**

No. 4102.

Circuit Court of Appeals, Fourth Circuit.

Nov. 9, 1936.

Frank G. Tompkins, of Columbia, S. C., for appellant.

H. L. Erckmann, of Charleston, S. C., and E. W. Mullins, of Columbia, S. C. (Nelson, Mullins & Grier and Benet, Shand & McGowan, all of Columbia, S. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is a proceeding in the receivership of the failed Peoples State Bank of South Carolina, the purpose of which is to require the receivers of that bank to offset the deposit of the Southern Railway Company against its indebtedness on certain invoices for lumber sold it by the Whitaker-Thompson Lumber Company. These invoices had been assigned by the lumber company to the failed bank as collateral security for notes executed for money borrowed; and the lumber company claimed the right to offset its deposit in the bank against its liability on the notes. The court below held that the right of set-off was a right of the lumber company and not of the railway company, and entered a decree determining the balance due on the notes of the lumber company after setting off the amount of its deposit, and giving judgment against the railway company for the amount of the invoices, with provision that after the receivers should have satisfied the balance due the bank by the lumber company out of the amount collected from the railway company, they should pay over the remainder so collected to the lumber company. From the decree so entered the railway company has appealed.

The relevant facts may be briefly stated. The lumber company during the

month of September, 1931, sold lumber to the railway company for which it rendered invoices in the net sum of $3,046.63, payable within sixty days thereafter. The lumber company, as these invoices were issued, borrowed money from the bank for which it executed its promissory notes, assigning the invoices as collateral security thereto. At the time of the failure of the bank in January, 1932, both the railway company and the lumber company had deposit balances with it, the railway company for the sum of $23,075.52 and the lumber company for $1,535.58.

The notes of the lumber company with the invoices attached as collateral were pledged by the bank to secure a loan from the Central Hanover Bank in October, 1931; but this loan was paid off by the receivers prior to the hearing in the court below, and the notes with the attached collateral came into their hands subject to existing rights of set off just as though they had never been pledged. Ellerbe v. Studebaker Corporation of America (C.C.A.4th) 21 F.(2d) 993, 997, and cases there cited.

The question presented by the appeal is whether the right to set off its liability against its deposit was a right of the lumber company or a right of the railway company; and we think that the learned judge below was correct in holding that it was a right of the lumber company. This is not a case where notes of the railway company have been indorsed to the bank by the lumber company with the result that the railway company has become primarily liable to the bank upon the indebtedness evidenced thereby and the lumber company only secondarily liable as indorser. If it were, different principles would apply. It is a case where the primary obligation held by the bank is that of the lumber company upon its notes and where the invoices are held by it merely as collateral security to the notes.

It is well settled that demands to be the subject-matter of set-off must be mutual, i. e. "the claims must be due to and from the same parties and in the same capacity." 24 R.C.L. 858; Scott v. Armstrong, 146 U.S. 499, 13 S.Ct. 148, 36 L. Ed. 1059; Western Tie & Timber Co. v. Brown, 196 U.S. 502, 509, 25 S.Ct. 339, 49 L.Ed. 571; Yardley v. Clothier (C.C.A. 3d) 51 F. 506, 507, 17 L.R.A. 462; Hood v. Brownlee (C.C.A.4th) 62 F.(2d) 675; Alvord v. Ryan (C.C.A.8th) 212 F. 83;

Peurifoy v. Gamble, 145 S.C. 1, 142 S.E. 788, 71 A.L.R. 783. As said in Yardley v. Clothier, supra: "The rule of set-off is well understood to be that in all cases of mutual credit only the balance that shall appear to be due upon an adjudication of the mutual accounts should be paid, and it is that balance only which is the debt and is recoverable; that mutual obligations for the payment of money cancel each other; and that the death or insolvency of either party will make no difference in the adjustment of their mutual accounts."

The deposits of both the lumber company and the railway company were simple debts owing by the bank; but, whereas the notes of the lumber company were debts owing to the bank in its capacity as creditor, the invoices for which the railway company was indebted were held by it as pledgee in trust for the payment of the lumber company's indebtedness. 49 C. J. 920; Ball-Thrash & Co. v. McCormick, 162 N.C. 471, 78 S.E. 303; In re Thompson (D.C.) 276 F. 313, 317. The debts as between the bank and the lumber company, therefore, were mutual and in the same right. As between the bank and the railway company, they were not; for any collection made by the bank upon the invoices would be made by it in its capacity as pledgee and would be charged with a trust to be applied in payment of the notes and to be held, as to any excess, for the benefit of the pledgor. See Alvord v. Ryan, supra.

It is argued that there was such mutuality as would give rise to the right of set-off because the railway company could by payment to the bank have discharged the debt evidenced by the invoices. The conclusion does not follow; for the bank would have received the payment in such case not in the capacity of a creditor but as pledgee, and would have been under obligation to apply it on the notes for which the invoices had been pledged or hold it for the benefit of the pledgor. If the notes had been paid in part, any surplus would have been held for the benefit of the lumber company; and the result is not different where the notes are reduced in amount by a set-off to which the lumber company is entitled. On the other hand, it is perfectly clear that the lumber company had the right at any time to pay the indebtedness evidenced by the notes and secure the return to it of the invoices which it had pledged, and that in making

such payment it was entitled to set off its deposit in the bank as an indebtedness due it in the same right as that in which the obligation evidenced by the notes was owing. Confusion vanishes when it is remembered that the invoices represent debts of the railway company owing to the lumber company and that the notes represent debts of the lumber company owing to the bank, and that the former are held by the bank merely as pledgee in trust to secure the latter.

The criticism that the decree awards judgment against the railway company in a suit instituted to determine the right of set-off is without merit. There is no reason why a court of equity, having taken jurisdiction of the controversy, should not afford complete relief in the premises, and, by fully determining the rights of the parties, obviate the necessity of further litigation.

The decree appealed from will be affirmed.

Affirmed.