## PACIFIC NAT. FIRE INS. CO. v. TEN-NESSEE VALLEY AUTHORITY.

### Civ. No. 224.

United States District Court
W. D. Virginia, Lynchburg Division.
April 21, 1950.

Robert B. Davis and H. Emory Widener, both of Bristol, Virginia, for plaintiff.

Joseph C. Swidler, Knoxville, Tenn., General Counsel, Tennessee Valley Authority.

BARKSDALE, District Judge.

Plaintiff, Pacific National Fire Insurance Company, assignee of Herbert S. Miller and wife, owners of a residence in Bristol, Virginia, instituted this action against Tennessee Valley Authority, Incorporated, in the state court, and it has been removed by

defendant to this court. Plaintiff has alleged that on February 5, 1949, in the course of the construction by defendant of South Holston Dam in Sullivan County, Tennessee, several miles from Bristol, Virginia, defendant caused to be set off a blast and explosion of 680 tons of high explosives, which resulted in such a violent shaking of the Miller residence as to crack its foundations, walls and ceilings, resulting in injury to the Miller residence to the extent of $893.40, of which damages plaintiff has paid to the Millers, by reason of its insurance policy, $550.00, and has taken an assignment from the Millers of any right of action which it might have against the defendant.

Although plaintiff alleges negligence in general terms, the sum and substance of its complaint is that defendant set off so large an explosion that it knew, or should have known, that damage to the Miller residence might result therefrom. Defendant is a Government agency, but it is provided by law that the corporation "may sue and be sued in its corporate name". Section 4(b) of the Tennessee Valley Authority Act, 16 U.S.C.A. § 831c (b). Defendant, by counsel, admits that, in certain instances, it would be liable for negligent acts of its agents. It contends, however, that in this instance the act complained of was done in the performance of a discretionary governmental duty entrusted to it by statute. There can be no question that the construction of the South Holston Dam was authorized by statute, and that the method of its erection was entrusted to the defendant. I agree with defendant that the setting off of the explosion described herein was in the performance of a discretionary governmental duty. Therefore, even if defendant was guilty of an abuse of discretion, it would not be liable for damages resulting therefrom. The principle seems well settled that the performance by executive officers of discretionary governmental duties entrusted to them by statute, is not subject to judicial review. Grant v. T.V.A., D.C., 49 F.Supp. 564; Ferris v. Wilbur, 4 Cir., 27 F.2d 262; Lynn v. United States, 5 Cir., 110 F.2d 586. "This principle has recently been reaffirmed by Congress in the Federal Tort Claims Act, Pub.L.No. 601, 79th Cong., 2d Sess., Aug. 2, 1946, 28 U.S. C.A. § 921 et seq. which authorizes tort actions against the Federal Government, but expressly excludes suits based on alleged abuse of discretion. The purpose of Congress in expressly excluding such actions must have been to eliminate the possibility that its consent to suit would be construed as an intent to change the existing substantive law. TVA was exempted from the provisions of the Act at its own request on the ground that it was already subject to suit and certain of the procedural aspects of the Act would be burdensome. The Act was passed after the decision in the Grant case and it must be presumed that TVA sought and Congress granted the exemption with that case in mind." Atchley v. TVA, D.C., 69 F.Supp. 952, Footnote 4, page 955.

Assuming that the Miller property has been damaged as alleged, I am further of the opinion that the damage was of such incidental or consequential character as not to be compensable. Where such damage is less than a "taking", it seems to be well settled that no recovery may be had therefor. Keokuk & Hamilton Bridge Co. v. United States, 260 U.S. 125, 43 S.Ct. 37, 67 L.Ed. 165; Bedford v. United States, 192 U.S. 217, 24 S.Ct. 238, 48 L.Ed. 414; Franklin v. United States, 6 Cir., 101 F.2d 459; Id., 308 U.S. 516, 60 S.Ct. 170, 84 L. Ed. 439.

Defendant concedes that if the property of plaintiff's assignor has been "taken", the Fifth Amendment would require payment. However, plaintiff does not allege a "taking", and even if such taking were alleged, compensation could not be awarded in this action because the United States is not a party hereto. If plaintiff contends that there has been a taking, its remedy would seem to be a mandamus to require defendant to institute condemnation proceedings under Section 25 of the T.V.A. Act, 16 U.S.C.A. § 831x, or to assert its right in the Court of Claims. Yearsley v. W. A. Ross Construction Co., 309 U.S. 18, 21, 22, 60 S.Ct. 413, 84 L.Ed. 554.