**UNITED STATES ex rel. and for use of TENNESSEE VALLEY AUTHORITY v. LACY.**

**Civ. A. No. 805.**

United States District Court
N. D. Alabama, M. D.
Oct. 21, 1953.

remove a garage, a chicken house, and stacks of lumber from within the limits of a right of way claimed by the plaintiff. The complaint alleges that on July 10, 1946, J. W. Turner, who was then the owner of the property crossed by the transmission line, executed an option contract granting to the Tennessee Valley Authority the right to purchase, in the name of and as agent for the United States of America, a transmission line easement 100 feet in width over the property involved in this action and some adjoining property, and that on May 8, 1947, J. W. Turner and his wife executed a formal grant of the transmission line easement to the United States of America. The complaint further alleges that in July 1946 TVA entered upon the property and began construction of the transmission line. At the time the formal grant of transmission line easement was executed, Turner no longer had title to a portion of the property covered by the grant, having deeded it to the defendant on October 26, 1946.

The complaint alleges that the defendant has built a garage and a chicken house and has placed stacks of lumber within the limits of the right of way and has refused to remove them. It also alleges that the encroachments constitute dangerous fire hazards and are a serious menace to human life and an interference with the operation of the transmission line. The answer of the defendant asserts that the plaintiff has no title to the transmission line easement involved in the complaint, that there was nothing of record at the time he purchased the property to give notice of the easement, and that he was an innocent purchaser for value without notice. Jurisdiction of the action is conferred on this Court by the provisions of section 1345 of Title 28, United States Code (Supp. V, 1952), 62 Stat. 933 (1948).

Joseph C. Swidler, Gen. Counsel, Charles J. McCarthy, Asst. Gen. Counsel, and Lee C. White, Atty., Tennessee Valley Authority, Knoxville, Tenn., for plaintiff.

Jackson, Rives, Pettus & Peterson, Birmingham, Ala., for defendant.

LYNNE, Chief Judge.

The complaint in this action seeks an injunction requiring the defendant to

The defendant has filed a counterclaim and a further counterclaim in which he asserts that the plaintiff unlawfully and wrongfully entered upon the defendant's land and committed a trespass by so doing, and that the plain-

tiff seized the defendant's property without warrant of law. The relief sought by the defendant is a mandatory injunction compelling the plaintiff to remove the transmission line from the defendant's property and damages.

Under rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C., the plaintiff has filed a motion for summary judgment, supported by an affidavit, on the ground that the pleadings on file, together with the affidavit, show that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law. Plaintiff has also moved to dismiss the counterclaim and the further counterclaim on the ground that they fail to state a claim against the plaintiff on which relief can be granted, to strike the jury demand in the defendant's answer and in the counterclaim, and for a more definite statement of the counterclaim and further counterclaim. In the view which the Court takes of the case, it is not necessary to pass upon the motions to strike the jury demands and for a more definite statement.

### The Motion for Summary Judgment

The plaintiff's motion for summary judgment is supported by the affidavit of B. O. Chaney, the District Engineer for the Alabama District of the TVA power system. His affidavit asserts that TVA began construction of the transmission line across the property in July 1946 and completed construction in December 1946. Attached to the affidavit is a map showing the location of the various structures referred to in the complaint. These include a frame garage located directly under the transmission line and only 14 feet 10 inches from the nearest conductor. The affidavit asserts that if the garage building were to burn completely, the conductor would melt and the line would break, with the possibility of injury to persons or property, and with adverse effects upon the operation of the TVA power system. All of the buildings and stacks of lumber are inflammable and, in the opinion of the affiant, are serious hazards to the transmission line. The defendant filed five counter affidavits which assert that construction of the transmission line was not commenced until May 1947 and was not completed until the late summer of 1947, that nothing was said to the defendant as to the existence of the easement at the time he purchased the property, and that he did not know of the existence of the easement until construction work was begun in May 1947. The defendant's affidavits do not dispute the facts alleged in plaintiff's affidavit as to the existence and location of the buildings and stacks of lumber and that they constitute a hazard to the transmission line.

The undisputed facts established by the affidavits are that the TVA has constructed a transmission line across the property owned by the defendant and has maintained such line continuously since at least the late summer of 1947; that the defendant has constructed and is maintaining a garage, a chicken house, and several stacks of lumber, all of which are inflammable structures, and are in such close proximity to the line that the line would be damaged if they should take fire, with possible injury to persons or property, and a serious disruption of TVA power operations. These facts are established by the plaintiff's affidavit and are not controverted by the affidavits filed by the defendant. The defendant's affidavits raise a question of fact as to whether the transmission line was built in 1946 or 1947 and as to whether the defendant was charged with notice of the rights claimed by the plaintiff. It is my opinion that the facts which are in dispute are not material to the decision of the present action and that the plaintiff is entitled to judgment on the basis of the undisputed facts.[1]

---

1. Schreffler v. Bowles, 10 Cir., 1946, 153 F.2d 1, certiorari denied, 1946, 328 U.S. 870, 66 S.Ct. 1366, 90 L.Ed. 1640; Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469; Williams v. Kolb, 1944, 79 U.S.App.D.C. 253, 145 F.2d 344; Mc-

The Tennessee Valley Authority has undoubted statutory authority to construct transmission lines and to acquire the easements necessary for such construction. Section 4(j) of the Tennessee Valley Authority Act [2] expressly authorizes the corporation "to acquire or construct power houses, power structures, transmission lines, navigation projects, and incidental works in the Tennessee River and its tributaries, and to unite the various power installations into one or more systems by transmission lines." Section 12 of the act authorizes the corporation "to construct, lease, purchase, or authorize the construction of transmission lines within transmission distance from the place where generated, and to interconnect with other systems." The power to acquire easements necessary for the construction of transmission lines is conferred by section 4(f) and 4(h) of the act. Section 4(h) provides that title to property acquired for TVA projects shall be taken in the name of the United States of America and entrusted to TVA as the agent of the United States. These sections, taken together, make it clear that TVA had statutory authority to construct the transmission line and to acquire in the name of the United States the necessary easements for its construction and maintenance. United States ex rel. Tennessee Valley Auth. v. Puryear, D.C.W.D.Ky.1952, 105 F.Supp. 534.

█ It is true that, accepting the facts alleged in the defendant's affidavits, as we must for purposes of the motion for summary judgment, the TVA entered upon the property without having first acquired an easement by purchase or condemnation, but the entry upon the property and the construction of the transmission line constituted the taking of the rights necessary for the construction and maintenance of the transmission line and vested in the defendant the right to compensation for

the easement so taken. Hurley v. Kincaid, 1932, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637; Campbell v. United States, 1924, 266 U.S. 368, 45 S.Ct. 115, 69 L.Ed. 328; Joslin Mfg. Co. v. Providence, 1923, 262 U.S. 668, 43 S.Ct. 684, 67 L.Ed. 1167; Dohany v. Rogers, 1930, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904; United States v. Cress, 1917, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746; United States v. Causby, 1946, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206.

In Hurley v. Kincaid, supra, the plaintiff sought an injunction to prevent the carrying out of a flood control project on the ground that it would flood plaintiff's property and that the Government had neither purchased the right to flood the property nor instituted condemnation proceedings. The Supreme Court reversed a decree in favor of the plaintiffs on the following grounds:

"If that which has been done, or is contemplated, does constitute such a taking, the complainant can recover just compensation under the Tucker Act in an action at law as upon an implied contract, since the validity of the act and the authority of the defendants are conceded. United States v. Great Falls Mfg. Co., 112 U.S. 645, 658, 5 S.Ct. 306, 28 L.Ed. 846; Great Falls Mfg. Co. v. Attorney General, 124 U.S. 581, 600, 8 S.Ct. 631, 31 L.Ed. 527; Tempel v. United States, 248 U.S. 121, 129, 39 S.Ct. 56, 63 L.Ed. 162; Marion & R. V. Ry. Co. v. United States, 270 U.S. 280, 283, 46 S.Ct. 253, 70 L.Ed. 585. The compensation which he may obtain in such a proceeding will be the same as that which he might have been awarded had the defendant instituted the condemnation proceedings which it is contended the statute requires. Nor is it material to inquire now whether the statute does so require. For even if the defendants are acting illegally, under the act, in

Clellan v. Montana-Dakota Utilities Co., D.C.Minn.1952, 104 F.Supp. 46, 56.

2. 48 Stat. 58(1933), as amended, 16 U.S.C. A. § 831 et seq.

threatening to proceed without first acquiring flowage rights over the complainant's lands, the illegality, on complainant's own contention, is confined to the failure to compensate him for the taking, and affords no basis for an injunction if such compensation may be procured in an action at law. The Fifth Amendment does not entitle him to be paid in advance of the taking." 285 U.S. at page 104, 52 S.Ct. at page 269.

■■ The taking of an easement by the United States without the formality of filing condemnation proceedings vests in the United States all of the rights necessary to the particular activity undertaken. United States v. Cress, 1917, 243 U.S. 316, 329, 37 S.Ct. 380, 61 L. Ed. 746; cf. United States v. Causby, 1946, 328 U.S. 256, 267, 66 S.Ct. 1062, 90 L.Ed. 1206; Cheves v. Whitehead, D. C.S.D.Ga.1932, 1 F.Supp. 321, 325; 2 Lewis, Eminent Domain (3d ed., 1909) secs. 449, 451. Where the easement taken is one for the construction, operation, and maintenance of a transmission line, these rights include the right to keep the easement area clear of inflammable structures which constitute a hazard to the safety of the line. Collins v. Alabama Power Co., 1926, 214 Ala. 643, 108 So. 868, 46 A.L.R. 1459; Alabama Power Co. v. Berry, 1930, 222 Ala. 20, 130 So. 541; Carolina Power & Light Co. v. Bowman, 1949, 229 N.C. 682, 51 S.E.2d 191, 6 A.L.R.2d 194; Kesterson v. California-Oregon Power Co., 1924, 114 Or. 22, 228 P. 1092; Pacific Gas & Electric Co. v. Minnette, 1953, 115 Cal. App.2d 698, 252 P.2d 642; Kentucky-Tennessee Light & Power Co. v. Beard, 1925, 152 Tenn. 348, 277 S.W. 889, 891; Hydro Electric Corp. v. Shanks, 1927, 156 Tenn. 91, 299 S.W. 809. It follows that plaintiff's motion for summary judgment should be granted and an injunction should issue as prayed in the complaint.

■ Since the plaintiff's affidavit establishes that the buildings and stacks of lumber placed by the defendant with-

in the area over which the plaintiff claims an easement constitute a hazard to the safety of the line and this fact is not disputed by defendant, the question of the exact limits of the area within which the construction of inflammable buildings would constitute an interference with the plaintiff's easement rights is not reached. If this question should become material, the rights which the plaintiff deemed necessary may be ascertained by referring to the grant of transmission line easement executed by defendant's predecessor in title, which granted to the United States a permanent easement and right of way 100 feet in width, including the right "to clear said right-of-way and keep the same clear of brush, timber, structures, and fire hazards." The taking of property by the Federal Government gives rise to an implied contract to pay compensation for the rights taken, Tempel v. United States, 1918, 248 U.S. 121, 129, 39 S.Ct. 56, 63 L.Ed. 162. The determination as to the rights which the Government intended to take is made in the usual case by determining what rights are needed. Where the Government has specified the rights which it requires by accepting a grant of easement, albeit from someone who does not own the property, reference may properly be made to the grant executed by defendant's predecessor in title to determine what rights the plaintiff intended to take when it entered upon the defendant's property. The determination by TVA as to the rights needed is not subject to judicial review, United States ex rel. Tennessee Valley Authority v. Welch, 1946, 327 U. S. 546, 66 S.Ct. 715, 90 L.Ed. 843.

The Motions to Dismiss the Defendant's Counterclaim and Further Counterclaim

■ The counterclaim and further counterclaim filed by the defendant in this action seek the recovery of damages arising from the construction and maintenance of the plaintiff's transmission line and a mandatory injunction compelling the plaintiff to remove the transmission line from the defendant's property. In neither pleading does the de-

fendant make clear whether relief is sought against the United States of America or against the Tennessee Valley Authority, but it seems clear that neither the counterclaim nor the further counterclaim states a claim against either the United States or the TVA upon which relief can be granted. The counterclaim seeks a judgment in the amount of $10,000 for damages resulting from an alleged trespass committed by the plaintiff. It includes two counts which are substantially the same except that the second count asks for punitive damages. The counterclaim cannot be maintained as an action against the United States because of the settled doctrine that the United States, by bringing an action against a defendant, does not waive its inherent immunity from suit, and a counterclaim against the United States will not lie, therefore, in the absence of specific statutory authority. United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. Nipissing Mines Co., 2 Cir., 1913, 206 F. 431, certiorari denied, 1914, 234 U.S. 765, 34 S.Ct. 673, 58 L.Ed. 1582; United States v. Davidson, 5 Cir., 1943, 139 F.2d 908; United States v. Lauer, D.C.E.D.Pa.1942, 45 F.Supp. 670; United States v. 9 Acres of Land, More or Less, in St. Mary Parish, La., D.C.E.D. La.1951, 100 F.Supp. 378, affirmed sub nom., Oyster Shell Products Corp. v. United States, 5 Cir., 1952, 197 F.2d 1022; North Dakota-Montana Wheat Growers' Ass'n v. United States, 8 Cir., 1933, 66 F.2d 573, 577, 92 A.L.R. 1484, certiorari denied, 1934, 291 U.S. 672, 54 S.Ct. 457, 78 L.Ed. 1061; United States v. Joseph Behr & Sons, Inc., D.C.N.D.Ill. 1953, 110 F.Supp. 286; United States v. Double Bend Mfg. Co., D.C.S.D.N.Y.1953, 114 F.Supp. 750. The counterclaim will not lie for the further reason that the Federal Tort Claims Act [3] expressly excludes claims arising from the activities of the TVA, 60 Stat. 846 (1946), 28 U.S.C. § 2680(l) (Supp. V, 1952). ▮▮ Neither can the counterclaim be maintained against the TVA. The TVA has filed this action only as agent for the United States of America. A counterclaim cannot, therefore, be maintained against it in its individual capacity. Southern Ry. Co. v. Elliott, 4 Cir., 1936, 86 F.2d 294; Federal Reserve Bank of Richmond v. Early, 4 Cir., 1929, 30 F.2d 198, 202, affirmed, 1930, 281 U.S. 84, 50 S.Ct. 235, 74 L.Ed. 718. It is not, in my judgment, an "opposing party" within the meaning of rule 13, Federal Rules of Civil Procedure, 28 U.S.C. Cf. Chambers v. Cameron, D.C.N.D.Ill.1939, 29 F.Supp. 742; Durham v. Bunn, D.C. E.D.Pa.1949, 85 F.Supp. 530; United States ex rel. Rodriquez v. Weekly Publications, D.C.S.D.N.Y.1947, 74 F.Supp. 763. But even if the action had been instituted by the TVA in its individual capacity, the facts alleged in the counterclaim would not support recovery. As pointed out, supra, the entry upon private land for the purpose of constructing an authorized project by a governmental agency having the power of eminent domain is not a wrongful act for which an action in trespass will lie, but constitutes the taking of an interest in the property. The obligation to pay compensation is one imposed by the Fifth Amendment to the Federal Constitution and not by principles of tort law. In the language of the United States Supreme Court in Hurley v. Kincaid, 1932, 285 U.S. 95, 104, 52 S.Ct. 267, 269, 76 L.Ed. 637, "the illegality * * * is confined to the failure to compensate him for the taking * * *."

The defendant's further counterclaim appears to proceed on the same basic theory as the original counterclaim, alleging that the plaintiff entered upon the defendant's land as a trespasser and wrongfully took possession of an easement across the property. The relief sought is a mandatory injunction compelling the plaintiff to remove the transmission line. The case presented by the further counterclaim is on "all-fours" with that decided by the United States Supreme Court in Hurley v. Kincaid, supra.

---

3. 62 Stat. 982 (1948), as amended, 28 U.S.C. § 2671 et seq. (Supp. V, 1952).

If, as the defendant asserts, he acquired title to the property without knowledge of any rights claimed by the plaintiff and the plaintiff entered upon the defendant's property after title had vested in the defendant and constructed a transmission line, defendant has an undoubted right to recover just compensation for the taking of the easement rights across his property if the claim is not barred by the applicable statute of limitations. It appears to the Court that he probably has alternative remedies which could be pursued, either an action under the Tucker Act, 24 Stat. 505 (1887), as amended, 28 U.S.C. § 250 et seq. (1946), as suggested by the Court in Hurley v. Kincaid, supra, and in Malone v. Tennessee Valley Authority, D.C.W.D.Ky. 1949, 86 F.Supp. 961, or an action against TVA to compel the institution of condemnation proceedings as suggested in Pacific Nat. Fire Ins. Co. v. Tennessee Valley Authority, D.C.W.D.Va.1950, 89 F.Supp. 978.

Judgment should be entered granting summary judgment to the plaintiff for the relief prayed in the complaint and dismissing the counterclaim and further counterclaim of the defendant, but without prejudice to the right of the defendant to assert in an appropriate action any claim which he may have arising out of the taking by the plaintiff of an easement across his property.

The costs will be assessed against the defendant.